### JENNINGS v. PARR.

1. PRACTICE—RES JUDICATA.—When this Court remands a case for further proceedings, all questions arising are still open for trial on Circuit, as if there had been no appeal, except those passed on specifically by this Court.
2. AMENDMENTS allowed here are in furtherance of justice, and not an abuse of legal discretion. Distinction between amendments before and after trial considered.
3. IBID.—AN AFFIDAVIT is not a prerequisite to amendments to pleadings.

Before KLUGH, J., Fairfield, March, 1898. Affirmed.

Action by Rob't. H. Jennings, as clerk of Court, *v.* Henry L. Parr. From order permitting defendant to amend his answer, after case had been remanded for further proceedings, plaintiff appeals.

*Messrs. J. G. McCants* and *J. E. McDonald,* for appellant. The former cites: *Amendment could not be permitted now:* 17 S. C., 207; 37 S. C., 135; 50 S. C., 318. *Issues sought to be reopened are res judicata:* 6 Rich. Eq., 302; 17 S. C., 274; 16 S. C., 627; 17 S. C., 39, 189; 19 S. C., 159; 50 S. C., 318. *Permitting the amendment was an abuse of his discretion:* 31 S. C., 199; 51 S. C., 226; 21 S. C., 221, 226; 30 S. C., 101, 564; 32 S. C., 244. *The affidavits show no diligence:* 15 S. C., 547; 16 S. C., 116.

*Messrs. Ragsdale & Ragsdale* and *George Johnstone,* contra.    The former cite: *Circuit Court had power to allow* *the amendment:* 30 S. C., 564.    *Amendments are discretionary:* Code, 194.    *Amendments in furtherance of justice may be allowed before trial:* 50 S. C., 398; 18 S. C., 315; 48 S. C., 565; 30 S. C., 564.    *Those allowed during and after trial must not change substantially the claim or defense:* 30 S. C., 397; 27 S. C., 341; 53 S. C., 341; 41 S. C., 146.

January 6, 1899.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    For a full understanding of the facts of this case it will be necessary to refer to the report of it in 51 S. C., 191.    His Honor, Judge Klugh, granted the following order: "This case comes up before me on a motion by the defendant to be allowed to amend his answer in several particulars, set out in affidavits, and served by him in this proceeding, with certain proposed amendments. After hearing argument of counsel, *pro and con,* I am of opinion that it will be in furtherance of justice to allow some of the amendments sought, and it is ordered, that the defendant be allowed to amend his answer by adding thereto the 'ninth' defense, which is set out in the proposed answer. The 'tenth' proposed defense is not allowed.

It is further ordered, that the 'eleventh' defense in the proposed answer be allowed.

It is further ordered, that the defendant be allowed to amend his answer, by setting up as an equitable defense to any claim on the part of the children, or heirs at law, of Mary Ann Elkin, deceased, her liability, as surety on the bond of W. B. Elkin, as guardian of the estate of the defendant, and any amount which may be found due on said bond may be set up as an equitable defense to the claim of said parties in interest herein.

It is further ordered, that, as against any claim by Mrs. Carrie G. Elkin, one of the alleged parties in interest, for whom plaintiff sues, that the defendant may amend his an-

swer, by setting up as an equitable defense, her liability as a surety on the bond of Wm. B. Elkin, deceased, as administrator of the estate of Henry W. Parr, deceased, and any amount found due on said bond may be set up as an equitable defense to any claim of hers in this action.

It is further ordered, that the plaintiff amend his summons and complaint by making the administrator of Wm. B. Elkin, deceased, and the administrator of Mary Ann Elkin, deceased, and Carrie G. Elkin, parties to this action.

It is further ordered, that a copy of the answer, amended in conformity with this order, be served on the plaintiff's attorneys within twenty days, and that they have leave within twenty days from such service to plead thereto."

The ninth and eleventh defenses which his Honor allowed are as follows:

"*Ninth*. And for a ninth defense to the alleged cause of action defendant alleges : 1. That he has been informed and believes, since the trial of this case on the Circuit, and he believes that after the purchase of the Montgomery place by Wm. B. Elkin, that the said Wm. B. Elkin purchased from his sisters, Mary Ann Elkin and Judith W. Ruff, their remainder in said place under the deed of Silas W. Ruff, as sheriff, to Wm. B. Elkin, and that he paid for the same, and was, therefore, the legal owner of both his and their interest during the time of his possession of the said tract of land, and, as such, liable, under the decision of the Supreme Court in this case, for rents and profits; and that the only claim that the parties plaintiffs now have is as heirs at law of said Wm. B. Elkin, and not as remaindermen."

"*Eleventh*. And for an eleventh defense to the alleged cause of action, defendant alleges that more than twenty years have elapsed since the maturity of said bond and mortgage, and he denies that there has been any partial payment or acknowledgments to rebut the presumption of payment arising from lapse of time."

The exceptions are as follows: "(1) Because his Honor erred in allowing any amendment to the answer in this case,

on the ground that the allowance of the same was contrary to the express direction of the Supreme Court, contained in its judgment in said case. (2) Because his Honor erred in allowing said amendments to the answer in this case, upon the grounds that he had no power or authority to grant the same after the judgment of the Supreme Court had been rendered therein, with the directions contained therein. (3) Because his Honor erred in allowing said amendments to said answer, when by the allowance of the same the matters adjudged by the Supreme Court were reopened and made the subject of further litigation, contrary to the principle of *res judicata*. (4) Because his Honor erred in not rendering a judgment in favor of the plaintiff, carrying out the judgment of the Supreme Court, by simply allowing the defendant to have passed upon the question of the credits mentioned in the order of the Supreme Court, refusing a petition for rehearing in said case. (5) Because the allowance of said amendments was not in furtherance of justice, and was an abuse of legal discretion on the part of his Honor. (6) Because his Honor erred in allowing said amendments, when the affidavit of the defendant did not set up facts sufficient to authorize the granting of the same."

This Court, upon a petition for a rehearing, filed the following order: "A petition for a rehearing of this case was filed by the said Henry L. Parr upon the grounds which are set forth in the petition. The first ground will be first considered. The eleventh paragraph of the complaint alleges, *inter alia,* that no part of said bond has been paid, except the interest thereon up to the 20th day of November, 1874, paid by the said Henry W. Parr, and interest paid thereon by the said Henry W. Parr on the 6th day of February, 1876.

The fourth paragraph of the answer denies these allegations. The Circuit Judge, under the view which he took of the case, did not think it necessary, and, therefore, did not pass upon said issues. The question as to the partial payments mentioned in said first ground was not before the Supreme Court for its consideration. This Court in stating

that the mortgage should be credited with the proceeds aris-
ing from the sale of the 181 acres, to wit, $726, and with
$172 of the proceeds arising from the sale of the 'Mill'
tract, did not intend to render a decision as to other pay-
ments, which were not presented for its consideration; and
as the partial payments mentioned in said first ground were
not before this Court for consideration, of course the judg-
ment of this Court can not be construed as affecting the
question of such partial payments.

We will next consider the other grounds urged for a re-
hearing. It is sufficient to say that the respondent did not
give notice that he would ask this Court, if it should find it
necessary to sustain the judgment of the Circuit Court on
the grounds mentioned in said petition, and the questions
raised by said grounds were not before the Supreme Court
for consideration.

It is, therefore, ordered, that the petition for a rehearing
be dismissed, without prejudice to the right of the defendant
to have the question, as to the partial payments mentioned in
the first ground aforesaid, passed upon by the Circuit Court,
and that the remittitur be forthwith sent down to the Circuit
Court."

The first four exceptions, in different forms, raise the
question whether the Circuit Judge had the power and au-
thority to allow the proposed amendments. This depended
upon whether the matters set forth in the proposed amend-
ments were adjudicated by this Court when the
former appeal was considered. An examination of
the former opinion of this Court will show that none
of the defenses allowed by the Circuit Judge were considered
by this Court, and the order refusing the petition for a re-
hearing, shows that the Supreme Court did not intend to
decide all questions involved in the case, and that its judg-
ment was only final upon the questions considered by it.
When the Supreme Court does not make a final disposition
of the case, but remands it for further proceedings, it then
becomes subject to the provisions of section 194 of the Code,

as fully as if there had not been an appeal, except as to those questions upon which this Court has rendered its decision, which, of course, can not again be put in issue, either by amendment or in any other manner. The reason of the rule is that the amendments are in furtherance of justice, as to those issues which have not been decided, and it is in harmony with the liberal spirit of the Code, as to amendments. There is no case in this State directly deciding this question, but the respondent's attorneys have cited a number of cases, tending to sustain this principle, which need not be set out here, as they will be mentioned by the Reporter.

Having reached a conclusion that the Circuit Judge was clothed with the *power* to allow the amendments, we will next dispose of the question whether the allowance of said amendments was not in furtherance of justice and was an abuse of legal discretion on the part of the Circuit Judge.

The exception raising this question does not specify in what respects the action of the presiding Judge in allowing the amendments was an abuse of his discretion. This Court, however, fails to discover anything in the Case showing such abuse. The amendments must be considered as having been made *before* trial, and the only limitation is that they should be "in furtherance of justice." Therefore, that part of section 194 of the Code allowing amendments when they do not change substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved, has no application. This distinction has been drawn in a number of cases, amongst which may be mentioned *Hall* v. *Woodward,* 30 S. C., 564; *Wallace* v. *Railroad Company,* 37 S. C., 335, and *Whitmire* v. *Boyd,* 53 S. C., 315. The last question presented by the exceptions is whether the Circuit Judge erred in allowing the amendments when the affidavit of the defendant did not set up facts sufficient to authorize the granting of the same. An affidavit is not a prerequisite to an amendment; therefore, if the presiding Judge were satisfied that the amendments were in furtherance of justice,

he had the right to allow them, even in the absence of an affi-
davit.

It is the judgment of this Court, that the judgment of the
Circuit Court be affirmed.