## CARPENTER v. LEWIS.

1. JURISDICTION.—AFTER REMITTITUR is sent down, this Court has no power to order it returned, so as to correct errors.

2. RES JUDICATA.—Amount held to be due by defendant in opinion sent down, is *res judicata,* and cannot be corrected although it appears now that the calculation was erroneous.

3. BUILDING AND LOAN ASSOCIATION—USURY.—Where a building and

loan association has made a usurious contract with a borrowing member who afterwards defaults, and the association goes into the hands of a receiver, on suit on contract, receiver can collect neither costs nor interest, and all dues and interest paid by borrower must be credited on principal sum loaned. Rules for settlement between defaulting borrower and insolvent building and loan association stated. *Buist.* v. *Bryan,* 44 S. C., 121, *explained, and the word "amount" used therein defined.*

Before GARY, J., Greenville, September, 1902.    Modified.

Action by D. A. Carpenter, receiver, against Samuel C. Lewis *et al.*    From Circuit decree, the defendants appeal.

*Mr. Wm. G. Sirrine,* for appellant, cites: *As to the rules of settlement between insolvent building and loan association and borrowing member:* 44 S. C., 121; 12 Rich. Eq., 126; 15 S. C., 462; 63 S. C., 537.

*Mr. Joseph A. McCullough,* contra, cites: *Questions raised here are res judicata:* 61 S. C., 9.

March 25, 1903.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    *Statement of facts.*—This action was commenced June 17, 1899, by service of the summons and complaint upon the above named Samuel C. Lewis, and similar actions were at the same time commenced against W. N. and Florence Brissey and against S. T. and Maggie Dagnall. The actions were for the foreclosure of three mortgages. It was agreed by counsel as follows: "In consideration of the saving of expense in conducting three appeals in the above stated case, it is hereby agreed between counsel that the appeal shall be taken in the Lewis case to settle the questions raised by the exceptions to the Circuit decree, and the decision in the Lewis case shall be binding and conclusive on the parties in the settlement of the cases against Dagnall and Brissey as fully and to all intents and purposes as if the last two named cases had been specifically decided by

26—65

the Supreme Court." All issues of law and fact were referred to the master, who reported that the contract was to be performed under the laws of Tennessee, and that it was not usurious. The exceptions to the master's report were overruled, and it was confirmed by the Circuit Court. Upon appeal to the Supreme Court, the contracts were held to be usurious, and the judgment of the Circuit Court was modified. 60 S. C., 23. After the *remittitur* had been sent to the Circuit Court, his Honor, Judge Klugh, passed an order referring it to the master to compute the amounts due on the respective mortgages, under the decision of the Supreme Court and in accordance with the principles laid down therein. Upon the coming in of the master's report, it was found that he had allowed plaintiff interest in each case, and to this and other findings the defendants duly excepted.

The case was then heard by his Honor, Judge Gary, on exceptions to the master's report, and in his decree he says: "Wihout discussing at length the exceptions, I am of the opinion that the questions raised by the defendants have been decided adversely to them by the decision of the Court in the main case of Carpenter *v.* Lewis. Under that decision, the cases are recommitted, so that the master might compute the amount due on the mortgages of the other defendants under the decision in that case. The defendants claim that they should not be charged interest on their debts, and that they should be relieved from the item of attorney's fees; but the Supreme Court, in the case of Carpenter *v.* Lewis, allowed the plaintiff both interest and attorney's fees; and under the agreement of counsel, the other cases were to abide the decision of that case. It is, therefore, ordered, adjudged and decreed, that the exceptions to the master's report be and the same are hereby overruled, and the report of the master confirmed. It is further ordered, that out of the proceeds of sale the master do pay the costs and expenses of this action and the amount due the plaintiff, as per his report, to the plaintiff or his attorney, and also the attorney's fees provided for in the said mortgage. As to the case of Car-

penter *v.* Lewis, I find that the Supreme Court has itself fixed the amount due in that case." * * *

. The defendants appealed from this judgment. They also served the following notice : "That upon the call of the above entitled case in the Supreme Court, the defendants will move the Court for an order recalling the remittitur in this case, in order that the Court may correct any clerical or other errors in the opinion heretofore rendered in this case, or to strike out or otherwise amend any portion of said opinion, so as to make it consistent with the decision of the Court and judgment rendered."

*Opinion.*—It will not be necessary to consider the exceptions in their regular order. The first question that will be considered is whether this Court has jurisdiction to entertain the motion to recall the remittitur. Section 12 of the Code provides, that "The Supreme Court may reverse, affirm or modify the judgment, decree or order appealed from, in whole or in part, and as to any or all of the parties, and the judgment shall be remitted to the Court below, to be enforced according to law." In the case of *Sullivan* v. *Speights,* 14 S. C., 358, the Court says : "Under the rules of this Court, when a case is heard here and deter-. mined, the *remittitur* to the Court below is not sent down immediately, but it is retained in every case for ten days, unless the Court direct otherwise. And on application showing sufficient cause, either of the Justices, at chambers, may direct by order that it be further retained until the third day of the next session. The object of this is to reserve jurisdiction over the case, so that, should either of the parties desire to make any motion in reference thereto, they might have the apportunity to do so, and the Court the power to hear it. After the remittitur, however, is sent down, the case passes beyond the reach of the Court and its jurisdiction is lost, and no motion can be heard by this Court on the matter thereafter." The cases of *Ex parte Dial,* 14 S. C., 594 ; *Ex parte Dunnovant,* 16 S. C., 299 ; *Brooks* v. *Brooks,* 16 S. C.,

621, and *Ex parte Knox,* 17 S. C., 218, fully sustain this ruling.

The next question that will be considered is whether his Honor, the Circuit Judge, erred in ruling that as to the case of Carpenter *v.* Lewis, the Supreme Court had fixed the amount due in that case. Turning to the opinion in 60 S: C., 23, we find the following statement: "With the answer, defendant in writing made his offer to allow plaintiff judgment for $36.19. This statement is added to the answer:

| Samuel C. Lewis. | Dr. | Cr. |
|---|---|---|
| Borrowed July 15th, 1891 | $150 00 | |
| Interest to July 18th, 1899 | 72 07 | |
| Paid in to date | | $151 72 |
| Average interest | | 36 41 |
| Insurance and interest thereon | 2 25 | |
| Balance due | | 36 19 |
| | $224 32 | $224 32 |

Balance forward .............. $36 19."

We also find that the Court quotes with approval the following language from *Meares* v. *Finlayson,* 55 S. C., 118, 32 S. E., 986: "Our statute not only provides that the lender of the money shall not be allowed to recover in any Court of this State any portion of the interest unlawfully charged, but expressly declares that: 'The principal sum, amount or value so lent or advanced, without any interest, shall be deemed and taken by the Court of this State the true legal debt or measure of damages, to all intents and purposes whatsoever to be recovered without cost.' Sec. 1390, Revised Statutes. In the face of these explicit provisions, I do not see by what authority the Courts of this State, when called upon to enforce a usurious contract for the loan of money, can render any other judgment except for the principal sum loaned, after deducting all payments made thereon, without any interest or costs." The opinion concludes as follows:

"*Buist* v. *Bryan,* 44 S. C., 121, has laid down the principles which are to govern in applying the remedy in our State in the settlement of claims against a defaulting stockholder as a debtor of an insolvent building and loan association. In the offer by defendant for judgment against him, we understand these principles have been applied. So far, therefore, as defendant, S. C. Lewis, is concerned, the judgment of the Circuit Court must be so modified as to give plaintiff a judgment against him for $36 19-100, with interest thereon at seven per cent., from 30th June, 1900, and $25 as counsel fee for plaintiff, as per agreement in his mortgage—the finding of the master not having been excepted to in this particular. So far as the case against Dagnall and Brissey are concerned, they must be recommitted to the master by the Circuit Court, to apply the principles herein established to ascertain and report the true amount for which plaintiff will be entitled to judgment against them respectively." When this Court rendered the former opinion in this case, it was under the impression that the foregoing calculation was in conformity with the principles therein announced. In this it now sees it was mistaken. Nevertheless, that question is *res judicata* as to the defendant, Lewis, but not as to the other defendants. *Jennings* v. *Parr,* 54 S. C., 109, 32 S. E., 73; *Meares* v. *Finlayson,* 63 S. C., 537, 41 S. E., 779.

We will next consider whether the Circuit Court erred in allowing the plaintiff interest in the other two cases and in allowing costs in any of the three cases. We deem it only necessary to refer to the case of *Meares* v. *Finlayson,* 55 S. C., 118, 32 S. E., 986, to show that when the contract is usurious, the lender cannot recover either interest or costs. The second opinion in *Meares* v. *Finlayson,* 63 S. C., 537, 41 S. E., 779, shows that these defendants (except Lewis) are entitled to have the payments made by them credited upon the principal sums borrowed from the association. Let us see if any principle is announced in *Buist v.* Buist inconsistent with this statement of the law.

The complaint in that case alleged that George Lamb Buist was appointed receiver of the association on the 9th of September, 1892. That on the 7th of November, 1883, Bryan executed his bond in the sum of $2,800, wherein it was recited that he had bid in an advance stock of $1,400 on the seven shares of the association; that he had assigned his shares as collateral security for the loan; and that he had received for such advance in cash the sum of $840. That Bryan bound himself to pay the monthly sum of $14 (of which the sum of $7 per month was for subscriptions to the said shares and $7 per month was for interest on the sum actually paid over to him). That the said bond contained the *proviso,* "that this contract shall not be construed in any manner to provide for more than the highest rate of interest allowed by law, for the use of any sum actually obtained from said association." That Bryan failed to make the monthly payments due May, June, July, August and September, 1892, known respectively as 105th, 106th, 107th, 108th and 109th instalments. A demurrer was interposed to the complaint on the ground that it did not state facts sufficient to. constitute a cause of action, but it was overruled. On the appeal from the order overruling the demurrer, this Court said: "The appellant contends that the complaint shows upon its face that the mortgage has been paid. In considering this question, the Court must determine whether the monthly payments for subscriptions to the shares of stock should have been applied upon the mortgage. The authorities upon this question are by no means harmonious. The question has not directly been decided in this State, though there are authorities bearing upon this point. The authorities in our State have, however, determined two questions: (1) that the money advanced was a loan; (2) that where the mortgage is to secure the monthly payments of interest and dues, *and the contract is declared to be usurious,* the borrower is entitled to a credit, not only for the amount paid as .interest, but also for the amount paid for the subscription on the shares of stock, in ascertaining

the amount due on the mortgage." The Court also says: "In the case of *Thompson* v. *Gillison,* 28 S. C., 542, the monthly stock payments were calculated as payments on the bond, in testing the question of usury." The Court, after reviewing the authorities, states that they established the following propositions: "(1) That the appointment of a receiver terminates the contract with the mortgagor, as originally contemplated. (2) That the mortgagor, who is also a shareholder, is not liable for monthly dues accruing after the appointment of a receiver. (3) That upon the determination of his contract with the association as originally contemplated, the mortgagor is entitled as credits on his mortgage for both the amounts paid as interest and also as dues on his shares of stock. (4) That where the amounts paid by the mortgagor as interest and dues aggregate a sum equal to the amount the mortgage was given to secure, a complaint for foreclosure of the mortgage will not be sustained. (5) That if the association goes into the hands of a receiver before the interest on the amount actually advanced, at the rate specified in the contract, and for the length of time the contract was in full force and effect, equals the amount of the premium, then the amount due under the mortgage is to be ascertained by calculating interest on the amount actually advanced, at a rate agreed upon, for the length of time the contract remained of force as originally entered into, and deducting from such amounts all payments of interest and dues; the amount paid as interest and dues not to bear interest. In such a contract as this, the interest would be calculated at the rate of ten per cent. per annum. (6) The assignment and transfer of the shares of stock by the mortgagor as collateral security for the loan and consolidating the interest and dues in the mortgage, show that the amount paid monthly, consisting of interest and dues, is to be regarded as what is called 'redemption money,' and raises an implied agreement that such payment shall be credited on the mortgage." In the language first quoted, this Court stated the rule to be followed in the application of the

monthly payments of interest and payments of shares of stock *when the contract was usurious.* And in the latter portion of the opinion, it stated, among other propositions, those establishing the rule governing the application of such payments when the contract was not usurious. The *proviso* hereinbefore mentioned, that the rate of interest should not exceed that allowed by law, prevented the contract from being usurious. *Thompson* v. *Gillison,* 28 S. C., 534, 6 S. E., 333. If the Court had construed the contract in Buist *v.* Bryan as usurious, it would not have said: "In such a contract as this, the interest would be calculated at the rate of ten per cent. per annum," for this would have been in direct conflict with the statute touching usury.

As some doubt has arisen as to the sense in which the word "amount," in the fourth of the said propositions, was used, we take this opportunity of saying that it was meant to include interest as well as principal secured by the mortgage. When the Court, in the former opinion in Carpenter *v.* Lewis *et al.,* referred to the case of Buist *v.* Bryan as "laying down the principles which are to govern in applying the remedy in our State in the settlement of claims against a defaulting stockholder, as a debtor of an insolvent building and loan association, it is presumed it had reference to that portion relating to usurious contracts. There is nothing in the case of Buist *v.* Bryan preventing the application of the principles announced in *Meares* v. *Finlayson,* 55 S. C., 118, 32 S. E., 986, and 63 S. C., 537, 41 S. E., 779.

The plaintiff cannot recover interest, in the two cases heard in connection with the Lewis case, nor can he recover costs in either of the three cases. He can only recover for the principal sum loaned, after deducting all payments made by the defendants in the cases heard in connection with the Lewis case.

It is the judgment of this Court, that the judgment of the Circuit Court be modified, so as to conform to the conclusions herein announced.

Mr. JUSTICE JONES *concurs in the result.*