6644

FORREST v. McBEE.

1. JUDGMENT—RES JUDICATA.—In part of charge complained of as erroneous construction of opinion of this Court on former appeal in this case, the trial Judge had reference to the judgment of the Circuit Court on appeal from magistrate court in a case on which this was based, and his construction of that judgment that it was *res judicata* of the issue of the validity of the attachment because not appealed from is correct.

2. PRINCIPAL AND AGENT — CONSTABLE — MAGISTRATE — AGRICULTURAL LIEN.—The plaintiff in a proceeding in a magistrate court to fore-

close an agricultural lien is responsible for the acts of the constable, acting under a warrant void by reason of the negligence of the magistrate, where the plaintiff acted in good faith, did not improperly influence the magistrate to issue the warrant, nor specially authorize the constable to make the levy, nor subsequently ratify it.

3. Res Judicata.—The questions of law determined by the Court on appeal must be followed throughout any subsequent trials of the cause until it is finally disposed of.

4. Rehearing refused.

Before Watts, J., Greenville, December, 1906. Affirmed.

Action by Anderson Forrest against S. L. McBee. From judgment for plaintiff, defendant appeals.

*Mr. J. J. McSwain,* for appellant, cites: *Plaintiff in suit in magistrate court acting in good faith is not liable for acts of magistrate or constable, caused by negligence or ignorance of magistrate:* 62 S. C., 91; Harp., 65, 332, 486; Cheves., 250; 2 McM., 338; 2 Rich., 31; 2 Bail., 549; 28 Ency., 694; 2 Brev., 75; 2 N. & McC., 168, 172; 16 S. C., 445; 18 S. C., 242; 18 S. W. R., 748; 3 Ency., 246; Abbott Trial Ev., 630; 78 U. S., 214; Broom's Legal Maxims, 128, 132, 135; 1 Q. B., 18. *When plaintiff is liable:* 28 Ency., 693, 695; 4 Cyc., 840; 47 Am. Dec., 708; Add. on Torts, secs. 1032, 863; 1 Jaggard on Torts, 632; 19 Ency., 652; 1 Cyc., 648-9; 14 Am. Dec., 587; Cool. on Torts, 187. *What is wrongful attachment?* 64 Am. St. R., 263; 77 Am. St. R., 307; 81 Am. Dec., 465; 4 Cyc., 835-6; 46 N. W. R., 859; 38 Pac. R., 835.

*Messrs. Blythe & Blythe,* contra, cite: *Party procuring process issued is liable to party injured:* 72 S. C., 193.

The opinion in this case was filed August 20, 1907, but remittitur held up on petition for rehearing until

September 7, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action to recover damages
for the seizure of the plaintiff's crops, under an agricultural
warrant, issued by a magistrate at the instance of the
defendant, on the ground that the proceedings were null
and void, by reason of the fact that the defendant failed to
file an undertaking, in compliance with the requirements of
the statute.

The facts are stated in the former opinion of this Court,
reported in 72 S. C., 189.

The jury rendered a verdict in favor of the plaintiff for
$25.00, and the defendant appealed.

The appellant's attorney, in his printed argument, dis-
cusses the exceptions under three general heads, and in con-
sidering the questions presented by the exceptions we will
follow his arrangement.

The first of the heads is "that the presiding Judge erred
in his construction of the opinion of this Court upon the
former appeal."

After reading to the jury all the requests of the defendant,
his Honor, the presiding Judge, charged: "Now, gentlemen,
that is very good law, and I charge it to you, except as I
may hereinafter modify it in charging you generally.
I charge you as a matter of law that, the Court hav-
ing decided that the taking of that property under the
warrant sworn out by Mr. McBee was illegal, unlawful and
wrong, that has been adjudicated, and there was no appeal
taken from that.    The record shows that when the matter
came up before Judge Klugh, he sustained the magistrate,
and held that the attachment was illegal, and unlawful, and
if Mr. McBee had seen fit, he could have appealed, but there
was no appeal taken and that is out of it.    And the Court
has decided that the taking of the property by the constable
under the proceedings issued by Mr. Cox, at the instigation
of Mr. McBee, was unlawful and illegal, and that being the
case, the plaintiff is entitled to recover whatever actual dam-
ages he has sustained, by the taking of that property, and

the jury can award him such actual damages as flow from the seizure of that property illegally."

Our construction of this portion of the charge is, that his Honor, the presiding Judge, had reference to the ruling of his Honor, Judge Klugh, and not to the opinion of the Supreme Court.

But even if we are in error, the decision of Judge Klugh had the effect, which the appellant contends the presiding Judge erroneously ascribed to the opinion of this Court, and therefore there was not, in any event, prejudicial error.

Under the second of said general heads the appellant contends, "that the defendant, McBee, is not liable for the act of the constable, done in pursuance of a warrant, which was void by reason of the negligence of the magistrate, when defendant, McBee, acted in good faith, did not improperly influence the magistrate to issue such void warrant, nor specially authorize the constable to make a levy under such void warrant, nor did he subsequently ratify the same."

The principles for which the appellant's attorney contends are antagonistic to the views expressed by this Court in its former opinion, and cannot be sustained for the following reasons:

In the first place, the questions of law determined by this Court upon the former appeal are *res judicata,* and the principles then announced must be followed throughout the trial of this case, until it is finally disposed of.    *Carpenter* v. *Lewis,* 65 S. C., 400, 43 S. E. 881.

And in the second place, the Court, after carefully reviewing the doctrine stated in the former opinion, sees no reason to recede from it.

Under the third of the general heads the appellant's attorney contends, "that the presiding Judge charged on the facts, and indicated his opinion."

Before the commencement of the last trial on Circuit, the Court allowed the plaintiff to strike out of the complaint all

allegations of wilfulness or malice on the part of the defendant, in instituting the proceedings to seize the crops of the plaintiff; and also granted the motion to strike out of the answer certain allegations and defenses; by which amendments, the issues that remained were very few. After considering the charge of the presiding Judge in its entirety, we are unable to discover wherein it violated art. V, section 26, of the Constitution.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

September 7, 1907. PER CURIAM. After careful consideration of the petition herein, this Court is satisfied that no material question of law or of fact has either been overlooked or disregarded.

It is, therefore, ordered, that the petition be dismissed, and that the order heretofore granted staying the remittitur be revoked.