7664

## THOMAS v. LYNCH.

1. REMITTITUR—JURISDICTION.—After a remittitur has been properly sent down of a judgment dismissing an appeal for want of prosecution, a Justice of this Court has no jurisdiction to recall it.

2. IBID.—NOTICE AND AFFIDAVITS on motion for recall of remittitur should be served on adverse party.

Motion by Z. C. and W. S. Lynch in case of B. C. and Minnie Thomas against them for recall of remittitur.

*Mr. J. W. Ragsdale,* for the motion.

September 1, 1910. MR. JUSTICE HYDRICK. During the April term of the Supreme Court a motion was made to dismiss the appeal herein on the ground, amongst others, that appellants had failed to file with the clerk the printed

copies of the "case" within the time required by the statutes and rules of the Court. By an order, filed April 20, 1910, the Court refused the motion on terms,—amongst others,— that the attorneys for appellants should have the case ready for hearing by June 1, 1910, so that it might be heard at that term, and at such time, after June 1st, as the Court should direct. Thereafter, the Court set the case for hearing on June 2d. Upon the call of the case, on June 2d, the attorneys for appellants failed to appear, and it having been made to appear to the Court that they had failed to file with the clerk their printed points and authorities, as required by rule 8, an order was passed dismissing the appeal on the ground that the former order of the Court had not been complied with, and for want of prosecution. The remittitur was sent down on June 16th. The Court adjourned for the term on June 17th.

This is an *ex parte* application made to me, at my chambers, on August 23, 1910, for an order recalling the remittitur, and reinstating the appeal, and enjoining the sheriff of Florence county from enforcing the execution, until the appeal can be heard on its merits.

Rule 20 of the Supreme Court provides that the remittitur shall not be sent to the Court below, until ten days after the final determination of the cause, unless the Court direct otherwise; and, when a decree or order shall be affirmed, or an appeal dismissed *by default of appearance by appellant,* the remittitur shall not be sent to the Court below, unless the Court direct otherwise, until ten days *after notice of the affirmance or dismissal shall have been served on the attorney of the party in default;* and that, upon application to either of the Justices, at chambers, an order may be granted for a further stay of the remittitur for such time as he may deem proper, not beyond the third day of the next ensuing term. The manifest purpose of these provisions is to give parties and their attorneys ample time and opportunity to examine the orders and opinions of the

Court, and the grounds upon which they are based, and bring to the attention of the Court any errors or omissions therein, before the Court has lost jurisdiction of the cause by sending the remittitur to the Court below.

It is to be regretted, in any case, when a party loses the opportunity afforded by the law and the rules prescribed for the administration thereof, to present his cause on the merits.  But it must always be remembered that the other party to the cause has the right to the orderly disposition thereof, and that his rights must be respected; and that it is essential to the due and orderly administration of the law that the methods of procedure prescribed by the statutes and rules of Court be complied with.  Otherwise, there would be no end to litigation.

It has frequently been decided that when the remittitur has been properly sent to the Court below, the Supreme Court loses jurisdiction, and thereafter neither the Court, nor any Justice thereof, can make any order in the case. *Carpenter v. Lewis,* 65 S. C., 400, 43 S. E., 881: *State v. Adams,* 83 S. C., 149, and cases cited therein.  See, also, *State* v. *Keels,* 39 S. C., 553, 17 S. E., 724, a case very much like the one under consideration.

There is another reason why the motion could not be entertained, even if I had jurisdiction; because the notice thereof and the affidavits upon which it is based were not served upon the opposite party, as required by rule 19 of the Supreme Court.

The motion is, therefore, dismissed.