12437

JENKINS v. SOUTHERN RAILWAY COMPANY *ET AL.*

(143 S. E., 13)

APPEAL AND ERROR—SUPREME COURT'S DECISION REVERSING JUDGMENT FOR PLAINTIFF ON CERTAIN GROUND HELD LAW OF CASE, PRECLUDING RELIANCE ON CONTRARY OPINION IN SUBSEQUENT CASE.—Supreme Court's decision, reversing judgment for plaintiff in action against railway company and employee thereof for slander, on ground that damages could not be apportioned between defendants, *held* not only *res adjudicata* as between parties, but the law of the case, whether right or wrong, so as to deprive plaintiff of benefit of ruling to contrary in subsequent case.

In the original jurisdiction. January, 1928. Application for injunction refused and complaint dismissed.

---

NOTE: As to conclusiveness of prior decisions on subsequent appeals, see annotation in 34 L. R. A., 326; 1 A. L. R., 1268; 8 A. L. R., 1033; 2 R. C. L., 224; 1 R. C. L. Supp., 460; 4 R. C. L. Supp., 94; 5 R. C. L. Supp., 84.

Action by B. M. Jenkins against the Southern Railway Company and another.

*Messrs. R. C. Holman, Thos. M. Boulware,* and *Brown & Bush,* for appellant, cite: *Supreme Court has original jurisdiction in equity to issue injunction:* Art. 5, Sec. 4, Const. *Restraint of judgment at law by equity Court:* 3 DeS. Eq., 310; 34 S. C., 452; Pom. Eq. Jur., Sec. 1365; Harper's Eq., 102; 71 Fed., 826; 76 Fed., 479. *When remittitur is sent down the Supreme Court loses jurisdiction of the case:* 87 S. C., 144; 39 S. C., 553; 43 S. C., 318. *Certiorari is not effectual remedy:* 51 S. C., 250. *Res adjudicata:* 65 S. C., 410. *Action for injunction here will not lie in the Circuit Court:* 17 S. C., 207; Sec. 437, Code Proc. *Not applicable here; cases distinguished:* 129 S. C., 74; 126 S. C., 207; 112 S. C., 426. *Circuit Court must enforce judgment of Supreme Court, not intermeddle with it:* 90 S. C., 554.

*Messrs. Harley & Blatt,* for respondents, cite: *A matter decided on appeal cannot be examined on a second appeal in the same case:* 26 Am. & Eng. Enc. L. (2nd Ed.), 184; 65 S. C., 410; 78 S. C., 105; 92 S. C., 354; 100 S. C., 483; 84 S. C., 193; 32 Vt., 551; 51 S. C., 250. *Real party in interest must prosecute proceedings:* Sec. 354, Code Proc.; 48 S. C., 588.

April 26, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action in the original jurisdiction of this Court for an injunction restraining the defendants from enforcing the judgment of this Court in a former action between the same parties.

Speaking for himself alone, the writer has serious doubts of the jurisdiction of this Court of an original *action* for injunction, under Article 5, § 4, of the Constitution, which apparently limits the jurisdiction to *orders* of injunction, in cases pending in the Court of Common Pleas; but, as the

question has not been raised, it will for the present be passed over.

It appears that in August, 1922, the plaintiff commenced an action against the defendants in the Court of Common Pleas of Barnwell County for damages on account of an alleged slander of the plaintiff by the defendant Cooper, an employee of the defendant railway company. The action terminated on circuit in a judgment in favor of the plaintiff, for punitive damages, against the defendant Cooper for $150 and against the defendant railway Company for $2,000. The defendants made a motion for a new trial upon the ground that the damages could not be thus apportioned. The motion was refused, and the defendants appealed to this Court, which, in an opinion filed December 13, 1924 (130 S. C., 180; 125 S. E., 912), and remitted to the Circuit Court on December 23, 1924, reversed the judgment of the Circuit Court, upon the ground stated in the motion for a new trial, and remanded the case for a new trial. The new trial has not been had.

Thereafter this Court, in the case of *Johnson v. R. Co.,* 142 S. C., 125; 140 S. E., 443, filed an opinion, May 26, 1927, overruling the case of *Jenkins v. R. Co.,* 130 S. C., 180; 125 S. E., 912, holding that punitive damages in such cases could be apportioned.

The plaintiff in the present proceeding claims that he should be allowed, upon the new trial to be had, the benefit of the ruling in the *Johnson case.*

The decision of the Court upon the appeal referred to is not only *res adjudicata* as between the parties, but is the "law of the case," right or wrong.

"It may be stated generally, that a Court of review is precluded from agitating questions which were propounded, considered, and decided in a previous review; the decisions agree that, as a general rule, when an appellate Court passes upon a question and remands the cause for further proceedings, the question then settled becomes the 'law of the

case' upon a subsequent appeal, and the only mode of reviewing the decision in the prior appeal is by a motion for a rehearing." 2 R. C. L., 223.

In 26 Am. & Eng. Enc. L. (2d Ed.), 184, the doctrine commonly called "the law of the case" is thus stated:

"A matter decided on one appeal cannot be re-examined on a second appeal in the same case; for the decision of an appellate Court, whether right or wrong, in a case before it, is conclusive upon the points presented throughout all the subsequent proceedings in the case, both upon the appellate Court itself and upon the trial Court. Concisely, it is said that the decision on appeal becomes 'the law of the case.' "

In *Jones v. Railway Co.,* 65 S. C., 410; 43 S. E., 884, it is held (quoting from syllabus):

"A principle of law once announced by this Court in a case is the law of that case, although the doctrine be modified in other cases decided subsequently, but before the final determination of such case."

In that case the Court said:

"The appellant, however, contends that the more recent decisions * * * establish a contrary rule. Even if this is true, the principles announced in these later cases cannot affect the judgment of the Supreme Court upon questions raised by the exceptions in the former appeal. * * * When such questions are decided, they become *res judicata,* and when the remittitur has been sent down, the Supreme Court loses jurisdiction, and cannot render a different decision upon the question decided (even if it should be convinced that there was error), so as to affect the particular case in which the decision was rendered."

In *Forrest v. McBee,* 78 S. C., 105; 58 S. E., 955, it is held (quoting from syllabus):

"The questions of law determined by the Court on appeal must be followed throughout any subsequent trials of the cause until it is finally disposed of."

In *Brown v. Telegraph Co.,* 92 S. C., 354, 360; 75 S. E., 542, 544, the Court says:

"All the other questions presented by the exceptions herein, were involved upon the former appeal, and were determined adversely to the contention of the appellant. They were therefore subject to the doctrine of *res judicata,* and, even if the rulings then made were erroneous, they could not be corrected in this case."

In *Halsall v. Railroad Co.,* 100 S. C., 483; 85 S. E., 433, it is held (quoting from syllabus):

"The judgment of the Supreme Court, rendered on appeal, granting a new trial, operates as *res adjudicata,* and cannot be changed by the Court, after the remittitur has been sent down, and the Court has lost jurisdiction in the pending cause."

In *Earle v. City,* 84 S. C., 193; 65 S. E., 1050, the Court said:

"No principle of law is better settled, or more firmly adhered to by the Courts, than that parties are concluded by the judgment of a Court of competent jurisdiction directly upon questions which have once been litigated between them. The doctrine is founded upon principles of wise public policy—'Interest *reipublicæ ut sit finis litum*'—and the wholesome maxim of the common law that no man should be twice vexed for the same cause—'*nemo debet bis vexari pro eadem causa.*'"

The judgment of this Court is that the application for injunction be refused, and that the complaint be dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE CARTER disqualified.