13296

NATIONAL BANK OF NEWBERRY, S. C., v. LIVINGSTON ET AL.

(161 S. E., 769)

4

8

11

12

14

*Messrs. Thomas & Lumpkin,* for the First Carolinas Joint Stock Land Bank, and *Messrs. Dominick & Workman,* for National Bank of Newberry, S. C., appellants,

*Mr. J. B. Hunter,* for J. P. Icard, respondent,

December 21, 1931.

The opinion of the Court was delivered by Mr. Acting Associate Justice P. D. Barron.

This is the second appeal in this case. The facts necessary to an understanding of the issues raised by the present appeal are fully stated in the Circuit decree, which should be reported. Two main questions are presented by the exceptions, upon the determination of which the issues raised by the appeal depend.

First: Did this Court in its former opinion, 155 S. C., 264, 152 S. E., 410, hold, and did it intend to hold, that the National Bank of Newberry, at the time of the execution and delivery of the Livingston mortgage to it, had actual and constructive notice of the recital contained in the recorded Wheeler mortgage with reference to Icard's timber rights as to put the said bank on notice, not only as to such timber rights on the Cooley tract of land as referred to and mentioned in the Wheeler mortgage, but also as to his timber rights in the other two tracts of land set forth in the unrecorded deed, but as to which no mention or recital was made in the Wheeler mortgage?

Second: Is Icard entitled in equity under the facts in this case to have the contract time for cutting and removing timber on any such tract of land, wherein his timber rights may be protected by the notice afforded by the said recital contained in the Wheeler mortgage, extended for a reasonable time?

As to the first question, it was clearly determined in the first appeal that the National Bank of Newberry had constructive notice of the recital contained in the recorded Wheeler mortgage with reference to the unrecorded Icard timber deed. This matter cannot therefore again be put in issue. The adjudication of the Court on the former appeal is binding on the Court on any successive appeal. It is well settled by numerous authorities that the judgment of the Supreme Court announced in any case on any former appeal is *res adjudicata* and must be followed throughout

the trial of the case until it is finally disposed of. *Forrest v. McBee*, 78 S. C., 105, 58 S. E., 955; and this is true, even though the decision of the Court on a former appeal is based on a misconception of facts. *Carpenter v. Lewis*, 65 S. C., 400, 43 S. E., 881. In the recent case of *Jenkins v. Southern Railway Co. et al.*, 145 S. C., 161, 143 S. E., 13, 14, it is stated that "The decision of the Court upon the appeal referred to is not only *res adjudicata* as between the parties, but is the 'law of the case,' right or wrong."

In the present appeal, the National Bank of Newberry contends that the constructive notice afforded by the recital contained in the recorded Wheeler mortgage extended only to Icard's timber rights on the Cooley tract of land mentioned in the recital contained in the said Wheeler mortgage, and further contends that this was the actual determination of the Court on the first appeal in this case. Icard contends, however, that such notice extends not only to the timber rights on the Cooley tract mentioned in the recital, but also to timber rights on two other tracts of land included in Icard's unrecorded deed, but as to which no reference was made in the recital contained in the said Wheeler mortgage; and Icard now contends that such was the holding on the former appeal. We are therefore only called upon to determine as to this issue the actual adjudication of the Court on the former appeal.

Undoubtedly the timber on the Cooley place was the only tract of timber actually considered in the first appeal as being affected by notice arising out of the recital in the Wheeler mortgage. The recital contained in the Wheeler mortgage, relied upon as being the medium of constructive notice to the National Bank of Newberry, is as follows: "Same being the identical tract of land * * * on which I recently sold to J. P. Icard the standing timber, and this mortgage is junior to said timber deed." This recital follows the description of the Cooley tract of land contained in the said mortgage, and it is the only mention contained in

the said mortgage of the unrecorded Icard timber deed. This recital was the only basis on which constructive notice could be predicated so far as the National Bank of Newberry is concerned, and is the only basis on which it was predicated in the former opinion. In different phraseology, it is stated on more than one occasion in the main opinion of the first appeal that the issue between Icard and the National Bank of Newberry, as to notice, was as to the timber on the Cooley place; and it further appears in the opinion that this was based solely on the said recital contained in the Wheeler mortgage. There was nothing else of substantial nature as to notice contained in the entire record so far as the National Bank of Newberry was concerned.

As to the recital, it may be remarked that it is full and complete in its terms. It does not invite further inquiry. It rather precludes the necessity of further investigation. The sense of it is that the timber on the Cooley place had been conveyed to Icard, and that this was the entire conveyance of timber rights. No suggestion is made of the conveyance of timber on any other lands. Under such circumstances, it would be an extreme application of the doctrine of notice to allow it in equity to be the medium on which notice is based as to timber rights on any other tract of land included in the unrecorded deed, but as to which nothing appears of record. Such was not the intention of the Court on the former appeal. On the contrary, the holding as to notice was limited to the timber rights on the Cooley place. The Circuit decree, in so far as it holds that Icard is entitled to priority over the National Bank of Newberry on the timber rights on the other two tracts of land covered by the unrecorded timber deed other than the timber on the Cooley place, must therefore be reversed.

As to the second question, is Icard now entitled in equity to have the contract time for cutting and removing the timber off the said Cooley tract of land, which is protected by the notice afforded by the recital contained in the Wheeler

mortgage, extended for a reasonable time under the facts stated in the Circuit decree, and which are practically admitted to be true? The record shows that the Circuit decree in the first appeal in this case was signed January 8, 1929, and that the Supreme Court's opinion on such appeal was rendered on March 13, 1930, seven days after the expiration of the rights of Icard under his timber deed.

It further appears that between the date of the signing of the Circuit decree and of the rendering of the opinion of the Supreme Court on the former appeal from such decree, Icard attempted to protect his rights under the timber deed by various means, and in the various ways set forth in the Circuit decree reported herein. He was defeated in these efforts to obtain such protection of his rights, largely by the action and position taken by the Joint Stock Land Bank and the National Bank of Newberry. It was determined on the former appeal that the Joint Stock Land Bank knew of his timber rights in all of the three tracts of land covered by his unrecorded timber deed, and that the National Bank of Newberry had constructive notice of such timber rights so far as the Cooley place is concerned and that each of the said banks had such notice at the time when the respective mortgages given each of them by Livingston were executed and recorded. Under such circumstances, it cannot be doubted that Icard is entitled to such extension of time in equity to cut and remove the timber off the Cooley tract of land, as he has lost by reason of being prevented from the exercise of such rights by the action of the two banks. Under these circumstances, such reasonable time would be the difference in time existent between the filing of the Circuit decree on January 8, 1929, and the date of the expiration of his rights under the timber deed, to wit, March 6, 1930. To refuse to allow the defendant Icard this equity would in fact be to allow the Joint Stock Land Bank and the National Bank of Newberry to benefit by their own wrong in depriving him of the exercise of his rights un-

der the unrecorded deed in so far as the Cooley place is concerned, and as to which it has been determined that he has priority over both banks by reason of the notice afforded by the recital contained in the Wheeler mortgage.

For the reasons stated herein, and in the Circuit decree reported herein, the judgment of the lower Court must be modified. As stated, however, reasonable time to cut and remove the timber should be determined under the facts of this case by reference to the time lost by Icard on account of the preventions suffered by him by reason of the action and position taken by the two banks, which prevented him from the exercise of his timber rights over the Cooley place.

The Circuit decree is therefore modified as herein indicated, and the case is remanded to the Circuit Court for such further orders as may be consistent with the conclusions herein announced.

MESSRS. JUSTICES COTHRAN, STABLER, and BONHAM and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.

MR. ACTING ASSOCIATE JUSTICE COSGROVE (concurring) : Being bound by the decision of this Court upon the former appeal herein, and for that reason alone, I concur in the conclusions announced by Mr. Acting Associate Justice Barron.