16254

SOUTHERN RY. CO. v. ORDER OF RY. CONDUCTORS
OF AMERICA
(54 S. E. (2d) 817)

*Messrs. Mitchell & Horlbeck,* of Charleston, *and Elliott, Shuttleworth & Ingersoll, and V. C. Shuttleworth,* of Cedar Rapids, Iowa, *for Appellant,*

*Messrs. Barnwell & Whaley,* of Charleston, *Frank G. Tompkins,* of Columbia, and *Henry L. Walker, W. S. Macgill, and Sidney S. Alderman,* of Washington, D. C., for Respondent,

*Messrs. Mulholland, Robie & McEwen,* and *Willard H. McEwen,* of Toledo, Ohio, for *Railway Labor Executives' Association, Amicus Curiae,*

*Messrs Mitchell & Horlbeck,* of Charleston, and *Elliott, Shuttleworth & Ingersoll and V. C. Shuttleworth,* of Cedar Rapids, Iowa, for *Appellant, in reply.*

286

August 15, 1949.

PER CURIAM.

The well considered decree of the Court below, which will be reported, is affirmed for the reasons therein stated. It is only necessary, therefore, to discuss certain minor questions raised by the exceptions but not referred to or disposed of in this decree.

The Court below denied a motion by. appellant to amend its answer by alleging that subsequent to the commencement of this action, this dispute was submitted by appellant to the National Railroad Adjustment Board where it is now pending. Appellant also offered in evidence, and the Court excluded, a certified copy of the file of the First Division of the National Railroad Adjustment Board relating to the claims of the conductors involved in this action which showed that these claims had been submitted to and were still pending before that body. It was held that the same controversy was pending before the National Railroad Adjustment Board constituted no defense to this action. Appellant challenges this ruling and further contends that this was a circumstance to be considered in determining whether the Court should enter a decree on the merits. It was held by this Court on the first appeal, 210 S. C. 121, 41 S. E. (2d) 774, that the courts had jurisdiction to determine this controversy and that the remedies provided by the Railroad Labor Act, 45 U. S. C. A. § 151 *et seq.*, were not exclusive. The fact that this dispute had been submitted by appellant to said Board was shown by other testimony in the case and was no doubt considered by the Court below in determining whether it would enter a declaratory judgment. It has also been given due consideration by this Court. The error, if any, in refusing to allow the amendment and in excluding the testimony mentioned was, for the reasons stated, not prejudicial.

Appellant claims that the Court erred in excluding an affidavit by the Executive Secretary of the First Division of the National Railroad Adjustment Board which was offered for the purpose of showing the number of cases filed with that Division on behalf of the employees of the Southern Railway Company from December 9, 1935, to June 12, 1947, the number disposed of, either by awards entered or cases withdrawn, and the number still pending. This affidavit, and the number still pending. This affidavit does not purport to be a certified copy of the docket on the First Division of the National Railroad Adjustment Board. It is a mere tabulation made by the affiant as a result of the examinations of the records in his custody. It was clearly inadmissible. It may not be amiss to state that it is apparently conceded that one statement contained therein is incorrect.

Finally, it is contended that the Court below erred in admitting certain testimony offered by respondent tending to show the interpretations placed upon various provisions of the contract by the parties and the usages and practices which had prevailed over a number of years, it being contended that this testimony tended to vary or add to the terms of the contract. We think the testimony was competent. Indeed, without reservation of objection, testimony along the same line was offered by appellant. The exceptions relating to this question are overruled.

Appellant has argued against our holding in the former opinion that the courts of this State had jurisdiction of the subject-matter. It is earnestly contended that the action should be dismissed for lack of jurisdiction. This question was fully considered on the first appeal and that decision is the "law of the case". We are now not at liberty to review it even if we desired to do so. *Jones v. Charleston & W. C. R. Co.*, 65 S. C. 410, 43 S. E. 884; *Jenkins v. Southern Railway Co. et al.*, 145 S. C. 161, 143 S. E. 13; *National Bank of Newberry v. Livingston et al.*,

164 S. C. 2, 161 S. E. 769; *Cohen v. Standard Accident Insurance Co.,* 203 S. C. 263, 17 S. E. (2d) 230.

All exceptions are overruled and judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur. .