## CUNNINGHAM v. CAUTHEN.

1. CASE CRITICISED—ADMINISTRATOR.—The case of Cunningham *v.* Cauthen, 37 S. C., 123, held to have decided that an administrator who had purchased cotton at an estate sale at gold prices in 1866, was not chargeable with the premium on such gold, it not having been shown that he had converted the purchase money into currency, and such ruling approved.

2. IMMATERIAL ERROR.—There is no reversible error committed by the Circuit Judge in stating the accounts in accordance with the decision of the Supreme Court, though such statement was not supported by a finding of fact, made by him, which had been held by the appellate court to be irrelevant.

3. CASE CRITICISED—RECOMMITTAL—EVIDENCE.—This case having been recommitted to the same referee to correct items in his former statement of the accounts, no new questions being involved, there was no error on the part of the referee in declining to receive further testimony, and the former decision of this court in this case did not authorize additional testimony.

4. IBID.—ADMINISTRATOR'S ACCOUNTS.—The rule declared in the former decision approved—that where an administrator's accounts with the estate and with the infant distributees (who have no guardian) are stated separately, interest should be charged against him on his estate account and in his favor on his payments for the distributees as of their respective dates, *i. e.*, at the end of every year, without regard to the balances on the other account.

5. FINDINGS OF FACT—IMMATERIAL ERROR.—There is no reversible error in a finding of fact which did not control the judge in settling the accounts.

6. IBID.—Concurrent findings of fact by referee and Circuit Judge sustained.

7. IBID.—CASE CRITICISED.—Findings of the referee and Circuit Judge held not to be incorrect statements of the testimony nor contrary to the former decision in this case, and to be supported by testimony.

8. APPEAL—A SLIGHT ERROR in addition corrected without ordering a new trial.

9. COSTS IN CHANCERY are largely at the discretion of the judge, and were properly decreed in this case to be paid by defendant, who had denied any

liability to the plaintiffs, and was ascertained to be largely indebted, though to an amount much less than was claimed.

Before GARY, J., Lancaster, January, 1894.

Action by W. J. Cunningham and others against Lewis J. Cauthen, administrator of A. J. Kibler, deceased. See former decision in 37 S. C., at page 123. The plaintiffs' exceptions to the Circuit decree were as follows:

I. For that the Circuit Court therein erred in concluding that the estate of the defendant's intestate is not chargeable in the accounting herein, under the decree of the Supreme Court herein, with the premium collected by the said Andrew J. Kibler on the notes taken by him for the cotton originally belonging to the estate of Joseph A. Cunningham, deceased. II. For that the Circuit Court, having confirmed the finding by the referee, that the defendant's intestate collected on the said cotton notes premiums on gold amounting in the aggregate to the sum of $2,063.71, erred in concluding that the estate of the said Andrew J. Kibler, under the decree of the Supreme Court, was not chargeable with the premium so collected. III. For that the Circuit Court, having confirmed the finding by the referee, that the defendant's intestate collected on the said cotton notes premiums on gold amounting in the aggregate to the sum of $2,063.71, erred in failing to conclude that such collection of the premium on the cotton notes was in effect a conversion of the gold of the estate into currency, and erred in failing to conclude that, under the decree of the Supreme Court herein, the estate of the said Andrew J. Kibler is liable to account to the plaintiffs for the premiums so collected. IV. For that the Circuit Court, having confirmed the finding by the referee, that the cotton bid off at the sale of the personalty of the Cunningham estate by the said A. J. Kibler was worth 39 1–5 cents in currency, erred in failing to conclude that, under the decree of the Supreme Court herein, the estate of the said Andrew J. Kibler is chargeable therewith at the said currency value, in the face of the holding by the Supreme Court herein, that "the administrator, having bid off the cotton at the estate sale, became liable to the estate for the actual value thereof." V. For

that the Circuit Court therein erred in concluding that there was no error by the referee in excluding further testimony offered by the plaintiffs as to the receipt by the said Andrew J. Kibler of the premium on gold upon sales of property and upon sale notes belonging to the estate of his said intestate. VI. For that the said Circuit Court erred in concluding that, under the decree of the Supreme Court herein, no error was committed by the referee in so stating the accounts between the defendant's intestate and the several distributees of the estate of Joseph A. Cunningham as to charge each of said distributees with interest on the several amounts paid to or for the said several distributees by the said Andrew J. Kibler. VII. For that the said Circuit Court erred in concluding that, under the decree of·the Supreme Court herein, no error was committed by the referee in so stating the accounts between the defendant's intestate and the several distributees of the estate of Joseph A. Cunningham as to charge each of said distributees with interest on the several amounts paid to or for the said several distributees, there being at the time of such payments surplus interest belonging to the estate of the said Joseph A. Cunningham in the hands of the said Andrew J. Kibler, upon which surplus interest no interest is charged against him in the accounting. VIII. For that the Circuit Court erred in concluding that, in stating the accounts between the several distributees and the estate of the defendant's intestate, under the decree of the Supreme Court herein, interest was properly chargeable against each distributee upon advances made out of idle interest moneys in the hands of said defendant's intestate as administrator; said conclusion being contrary to the principles announced by the decree of the Supreme Court herein, that interest could only be charged on such advances so far as the same should be necessary to "reimburse the administrator for such interest as had been charged him on the advances." IX. For that the Circuit Court erred in concluding that, under the decree of the Supreme Court herein, no error was committed by the referee in charging the several distributees with interest upon payments made by the administrator of Joseph A. Cunningham to such distributees, while interest moneys belonging to said estate were at the same

7—44

time lying idle in the hands of the said administrator. X. For
that the Circuit Court erred in concluding that, under the de-
cree of the Supreme Court herein, no error was committed by
the referee, in stating the accounts between the said Andrew
J. Kibler, administrator, and William J. Cunningham, a
distributee, in charging interest up to June 1st, 1893, on pay-
ments made by the said Andrew J. Kibler to and for the said
William J. Cunningham, as below stated, there being at the
several dates below named surplus interest in the hands of the
said administrator larger in amount than the payments below
stated, and upon which no interest is charged against the said
administrator; that is to say, in charging interest on $21.40
from January 1st, 1869; on $588.99 from January 1st, 1870; on
$410.25 from January 1st, 1871; on $2.40 from January 1st,
1872; on $306.86 from January 1st, 1877; on $1,081.44 from
January 1st, 1880; on $100 from January 1st, 1881; and on $150
from January 1st, 1882.   XI. For that the Circuit Court erred
in concluding that, under the decree of the Supreme Court
herein, no error was committed by the referee, in stating the
accounts between the said Andrew J. Kibler, administrator,
and Mary C. Dunlap, a distributee, in charging interest up to
June 1st, 1893, on payments made by the said Andrew J. Kib-
ler to and for the said Mary C. Dunlap as below stated, there
being at the several dates below named surplus interest in the
hands of the said administrator larger in amount than the pay-
ments below stated, and upon which no interest is charged
against the said administrator; that is to say, in charging in-
terest on $305.68 from January 1st, 1867; on $71 from January
1st, 1868; on $1,803.50 from January 1st, 1869; and on $150
from January 1st, 1882.   XII. For that the Circuit Court erred
in concluding that, under the decree of the Supreme Court
herein, no error was committed by the referee, in stating the
accounts between the said Andrew J. Kibler, administrator,
and Thornwell K. Cunningham, a distributee, in charging in-
terests up to June 1st, 1893, on payments made by the said
Andrew J. Kibler to and for the said Thornwell K. Cunning-
ham, as below stated, there being at the several dates below
named surplus interest in the hands of the said administrator

greater in amount than the payments below stated, and upon which no interest is charged against the said administrator; that is to say, in charging interest on $27.50 from January 1st, 1868; on $12.75 from January 1st, 1869; on $259.74 from January 1st, 1870; on $98.57 from January 1st, 1871; on $68.47 from January 1st, 1872; on $114.95 from January 1st, 1873; on $59.15 from January 1st, 1874; on $6.50 from January 1st, 1875; on $1,120.53 from January 1st, 1880; on $107.45 from January 1st, 1881; and on $200 from January 1st, 1882. XIII. For that the Circuit Court erred in concluding that, under the decree of the Supreme Court herein, no error was committed by the referee, in stating the accounts between the said Andrew J. Kibler, administrator, and Nannie C. Vanlandingham, a distributee, in charging interest up to June 1st, 1893, on payments made by the said Andrew J. Kibler to and for the said Nannie C. Vanlandingham, as below stated, there being at the several dates below named surplus interest in the hands of the said administrator greater in amount than the payments below stated, and upon which no interest is charged against the said administrator; that is to say, in charging interest on $5.40 from January 1st, 1869; on $173.32 from January 1st, 1870; on $191.84 from January 1st, 1871; on $112.25 from January 1st, 1872; on $151.33 from January 1st, 1873; on $295.31 from January 1st, 1874; on $513.08 from January 1st, 1875; on $423 from January 1st, 1878; on $1,107.35 from January 1st, 1880; on $100 from January 1st, 1881; and on $150 from January 1st, 1882. XIV. For that the Circuit Court erred in concluding that, under the decree of the Supreme Court herein, no error was committed by the referee, in stating the accounts between the said Andrew J. Kibler, administrator, and Beauregard Cunningham, a distributee, in charging interest up to June 1st, 1893, on payments made by the said Andrew J. Kibler to and for the said Beauregard Cunningham, as below stated, there being at the several dates below named surplus interest in the hands of the administrator greater in amount than the payments below stated, and upon which no interest is charged against the said administrator; that is to say, in charging interest on $7 from January 1st, 1869; on $127.07 from January 1st, 1870; on $178.82 from January 1st,

1871; on $62.36 from January 1st, 1872; on $72.08 from January 1st, 1873; on $25.72 from January 1st, 1874; on $113.66 from January 1st, 1875; on $25.20 from January 1st, 1876; on $206.03 from January 1st, 1877; on $441.80 from January 1st, 1878; on $500 from January 1st, 1881; on $370 from January 1st, 1881; and on $740 from January 1st, 1882. XV. For that the Circuit Court erred in allowing the charges of interest on the items of payments or advances against the said several distributees mentioned in the above exceptions, numbered XI. to XIV. inclusive, when said payments were made out of idle interest in the hands of the said administrator, in disregard of the conclusion by the Supreme Court herein, that such interest could only be charged upon advances made to the several distributees so far as to "reimburse the administrator for so much interest as had been charged to him on the advances." XVI. For that the Circuit Court erred, in any view, in allowing interest to be charged upon the said advances mentioned in the above exceptions, numbered XI. to XIV. inclusive, when said advances were made out of idle interest in the hands of the said administrator, up to June 1st, 1893, instead of up to August 1st, 1890, the date of the former report, and the date thereby fixed for striking a balance. XVII. For that the Circuit Court erred in concluding that there was a balance due by the estate of Nannie C. Vanlandingham, deceased, to the estate of Andrew J. Kibler, deceased. XVIII. For that the Circuit Court erred in failing to conclude that there was a balance still due upon the accounting by the estate of Andrew J. Kibler, deceased, to the plaintiff, William J. Cunningham, as administrator of the said Nannie C. Vanlandingham. XIX. For that the Circuit Court erred in concluding that there was no error by the referee in charging interest against the estate of Nannie C. Vanlandingham after payment in full to her or her personal representative (if payment in full was ever so made), especially as between her estate and Kibler, administrator.

The defendant appealed on the following grounds: I. Because, it is respectfully submitted, the Circuit Judge erred in

sustaining the first finding of fact by the referee, to wit: "that the premium on gold was collected by Kibler, the defendant's intestate, upon the estate sale and the sale notes, including the cotton," except in the cases stated in his said finding. II. Because the Circuit Judge erred also, in sustaining finding of fact by the referee, "that the collection of the premium, except in the cases (stated by him) seems to have been admitted by the defendant's intestate, the said A. J. Kibler, upon his examination." III. Because the Circuit Judge erred in sustaining the finding of the said referee, that the finding of fact above referred to is corroborated by the testimony of other witnesses. IV. Because there is no testimony whatever to sustain the finding of the referee on the point above referred to. The folios of the testimony referred to by him do not sustain his finding, and the Circuit Judge has erred in sustaining these findings referred to in the foregoing exceptions. V. Because the Circuit Judge has erred in sustaining the findings of fact by the referee, when he attempts to stir matters that have already been adjudicated by the Supreme Court. His findings upon the cotton and the cotton notes are *res adjudicata;* and it was error to bring these cotton notes or any part of them again into the report, and the Circuit Judge should have sustained the exceptions to the referee's report as to these cotton notes. VI. Because the Circuit Judge erred in sustaining the finding of the referee, "that the aggregate amount collected in coin, or upon which no premium was collected, was $2,152.78." There is no evidence whatever to show a premium collected of more than $137.78. VII. Because he erred in sustaining the finding of the referee, that the said A. J. Kibler collected a premium of $2,910.14 on $7,275.37. There is no evidence to support such finding; and besides, these figures, $7,275.37, refer to the cotton notes, which are *res adjudicata.* VIII. Because he erred in sustaining the findings of the referee, without evidence, that the said A. J. Kibler collected a premium of forty per cent. on more than $314.35. IX. Because he has erred in sustaining the referee in going outside of the matters left open by the Supreme Court decree, and bringing in matters that were finally adjudicated thereby—for instance, he reports a premium collected on

all the cotton notes and the price of the cotton in currency, when these cotton notes have been adjudged to belong to the said A. J. Kibler in his own right.   X. Because he has erred in his decree in confirming the charge of a forty per cent. premium *en bloc* on $2,116.09, when there is no evidence as to the time when collected or as to the notes or items upon which this alleged premium was collected, contrary to the decree of the Supreme Court.   He has manifestly overlooked the main point left open in the decree, where the court held "that Kibler was not chargeable with the whole premium *en bloc,* but with a premium only on gold or gold notes due the estate, which, it can be shown, he actually received.   XI. Because the referee has erred in charging without evidence a premium of $846.33 on other notes than the cotton notes, and the Circuit Judge erred in his decree in sustaining and confirming this charge, without evidence to sustain the same.   XII. Because on the second page of the general account (manuscript) the referee has erred in adding up the column of disbursements made in the year 1866; he has made the aggregate $702.33, whereas it should be $712.36.   And the Circuit Judge erred in not correcting this mistake.   XIII. Because in stating the accounts between A. J. Kibler, the administrator of Joseph A. Cunningham, deceased, and the distributees, the referee has failed to conform to the principle laid down in the decree of the Supreme Court, in that he has failed to charge each distributee with interest on each sum paid out or advanced to the distributees respectively from the date of such payment or advancement.   The referee has charged interest only from the first day of January next following each payment, and the Circuit Judge erred in confirming the report of the referee in this particular.   XIV. Because under all the facts and circumstances of this long litigation the Circuit Judge erred in requiring the costs of the case to be paid out of the estate of Andrew J. Kibler, deceased.

*Messrs. Ernest Moore* and *M. J. Hough,* for plaintiffs.

*Messrs. R. E. & R. B. Allison* and *R. W. Shand,* for defendant.

April 15, 1895.   The opinion of the court was delivered by

MR. JUSTICE POPE.   A former appeal, which is reported in
37 S. C., 123, having necessitated a restatement of accounts of
A. J. Kibler, as administrator of the estate of Joseph A. Cun-
ningham, deceased, the action was remitted to the Circuit Court
for that purpose.   When the Circuit Court took action thereon,
it was to pass an order on the 10th of October, 1892, referring
it to D. A. Williams, Esq., as referee, "to state the accounts
of A. J. Kibler, as administrator of Joseph A. Cunningham,
deceased, in conformity to the instructions contained in the
decree of the Supreme Court herein, and according to the prin-
ciples therein enunciated, and to do all other acts and things
therein required."   On the first day of June, 1893, this referee
made his report, wherein he reported that on the first day of
June, 1893, the said A. J. Kibler was indebted to his intes-
tate's estate in the sum of $35,670.93, which was divisible in
equal portions between the five plaintiffs, so that the share of
each therein was $7,134.18 3-5.   But he also found that said
administrator had paid to each of the plaintiffs large sums of
money on account, so that on the first of June, 1893, he owed
the plaintiff, Wm. J. Cunningham, $860.23 3-5; to the plain-
tiff, Thornwell K. Cunningham, $2,512.30 3-5; to the plaintiff,
Beauregard Cunningham, $1,003.93 3-5; to the plaintiff, R.
T. Dunlap, $321.17 4-5, and to the plaintiff, J. A. Dunlap,
$321.17 4-5 (it may be well to state that the two last are the
distributees of the deceased Mrs. Mary C. Dunlap, *nee* Cunning-
ham), but that the plaintiff, Mrs. Nannie C. Vanlandingham,
had overdrawn her share by the amount of $108.85 2-3.   To
this report of the referee both sides freely excepted, the plain-
tiffs exhibiting eighteen exceptions, and the defendant pre-
senting fifteen exceptions.   The cause was heard before his
honor, Judge Ernest Gary, at the spring, 1894, term of the
Court of Common Pleas for Lancaster County, in this State,
and on the 6th day of May, 1894, he filed the following decree:
   "The facts of this case will be found in the 37th vol. S. C.,
reported at pages 123 to 145.   The Supreme Court recommitted
the cause to the Circuit Court, for the purpose of having the
account restated in accordance with the decision of the Supreme
Court.   The referee has recast the account and filed his report

in the cause.    Plaintiffs and defendant have both filed numerous exceptions to the report, and the cause was heard by me upon the exceptions and argument of counsel engaged in the cause.    From a careful reading of the decree of the Supreme Court, there are very few matters left open for adjudication. It appears to me the referee was only directed to recast his original report in the following particulars: 1st. By correcting his former report as to commissions.    This he has done.    2d. By omitting to charge a premium on the specie on hand at the death of the intestate.    This correction has been made.    3d. By giving the administrator credit for the items on page 123 of the case.    This has been done.    4th. By allowing credit for certain items of board.    This has been done.    It, therefore, appearing that the referee has followed the directions of the Supreme Court in restating his accounts, it is ordered, that the report be confirmed and the exceptions thereto overruled.    The Supreme Court in its decree reversed the decree of the Circuit Court as to the costs of the case, without prejudice, as the cause would have to be sent back.    In a case like this, costs are largely in the discretion of the presiding judge.    After considering the facts, I agree with Judge Witherspoon that the costs of this action should be paid out of the estate of Andrew J. Kibler, and I so decree.''    From this decree the parties, plaintiff and defendant, appeal, and these grounds of appeal will be reported.

We will try to bestow the proper care in disposing of these sets of exceptions.    It is always well to remember that it is a matter of no little difficulty to divest the mind of previous impressions, and we apprehend that no little of the trouble with the counsel of this cause has arisen in this way.    Let us first examine the grounds of appeal presented by plaintiffs.    Their first exception imputes error to the Circuit Judge in his conclusion that, under the decisions of this court, the defendant's intestate is not chargeable with the premium collected by the administrator on notes taken by him for cotton originally belonging to the estate of Cunningham, deceased.    The amount involved in this exception is considerable, and we have considered it carefully.    A. J. Kibler, in his first

return as administrator, charged himself with $9,428.15, as the amount of the sale bill for property, including cotton, sold of his intestate's estate in January, 1866. This administrator contributed very largely to create the confusion in regard to this first return, by loose references to the cotton that he himself purchased at said sale, and had entered on said sale bill at twenty-eight cents a pound in gold coin, as still thereafter belonging to the estate of his intestate. But by the previous decision of this court we decided that the administrator having charged himself with this cotton, at twenty-eight cents in gold coin on the sale bill, and this being established as its actual value, "that the plaintiffs are not entitled both to the value of the cotton and the securities taken for it, or any part of it, at the second sale made by the first purchaser;" and further, it not being shown that the administrator had ever changed his relation to the estate of his intestate for the value of this cotton *as of gold*, for the new relation *as of currency*, there was no principle of law wherein now, when one is convertible for the other, at par, that this administrator should be required to *add* any per cent., forty or any other, in his accounts for such cotton. Let our position be understood. We mean, that if this administrator had charged himself with this cotton at thirty-nine cents in current bills or money, *and had not converted this into gold coin*, we would have held him to this thirty-nine cents per pound, notwithstanding at this time such currency would have been equal to gold. This exception is overruled.

So far as the second exception is concerned, it is intended thereby to suggest this difficulty, that when a referee makes a finding of fact in a matter not only irrelevant to the controversy, but one which the Supreme Court has so decided to be irrelevant, and which decision of the Supreme Court is obeyed by said referee in making up the accounting, and the Circuit Judge confirms the findings of fact by such referee, that then the Circuit Judge is in error in not enforcing such error by his decreee, notwithstanding the decision of the Supreme Court. We think the Circuit Judge was entirely correct, even if his attention had been called to this matter, for he was bound to enforce the judgment of this court. *Sanders*

v. *Bagwell,* 37 S. C., 145.    Judgments are not based on irrelevant testimony.    3. We do not feel at liberty to canvass the suggestion of error herein embodied, for if our former decision fixed the charge of the cotton at twenty-eight cents in gold as a proper charge against the administrator, and also decided that it made no difference as to who and for what the cotton was afterwards sold by its purchaser, we are not concerned with such matters.    The court has already canvassed these matters over, and our decision thereon rendered.    It is enough to state that fact as the basis for now overruling this exception.    4th. The fourth exception is disposed of under what is said in passing upon the 2d and 3d exceptions.

5. This next exception is not altogether free from difficulty. By our previous decision the cause was remanded to the Circuit Court, in order that if it could be shown that A. J. Kibler as administrator actually received the premium on gold or gold notes due the estate, such referee might alter his accounts as affected thereby.    When the plaintiffs applied to the referee to be allowed to introduce new and additional testimony, the referee declined to hear it, and now this refusal is assailed as erroneous.    In cases where new trials are ordered, of course, such trials are *de novo.*    But in a cause in equity, when the testimony on all the issues has been fully taken and reported to the court by the very referee to whom the duty is confided of correcting a few amongst the many of his former conclusions, it does not seem that additional testimony could be admitted without the usual incidents to new testimony, namely: fresh questions, &c.    We might have been more explicit in our former judgment; but as it is, we think the referee correctly construed our decision; we did not mean thereby to open afresh all these matters.    This exception must, therefore, be overruled.

6. Error is imputed in this exception to the Circuit Judge, in holding that, under the first decision of this case, the Supreme Court determined that in making the accounts of the administrator with the several plaintiffs as distributees of the estate of his intestate, interest was to be allowed the administrator on all the payments made to, or in behalf

of, such distributees. The Circuit Judge correctly construed our decision. The language of this court at the top on page 141 is: "The children advanced, however, being required on final settlement to account for interest on their respective advances, from the time they were received, and thus reimburse the administrator for so much interest as has been charged to him on the advances." 7. This exception pertains somewhat of the character of the 6th, and might be said to have been disposed of by the language used by us under No. 6, but for the intimation that at the time of such interest being charged against the distributees in favor of the administrator, the latter had a surplus of interest upon which no interest was paid. We think the very theory of the law on this subject is outlined in the remarks of Mr. Justice McGowan in our former decision in this case, when he said: "The amounts paid to the distributees from time to time were not, as we think, 'expenditures,' in the sense of *Dixon* v. *Hunter,* 3 Hill, 206. They did not, in reality, diminish the volume of the estate in the hands of the administrator, the whole volume of which it was necessary to ascertain, to make a fair division among those equally interested. The payments were rather in the nature of advances or loans, still parts of the whole estate are to be accounted for as such," &c. (the latter part has already been quoted). There was no error here.

8. It is true, that this court in rendering its former opinion did use the language quoted in the eighth exception, but it was not intended by us to couple the accounting by the administrator so as to depend upon advances made to the distributees, or *vice versa.* The fact is, nothing should be said or done in judgments of courts by which any idea of delay in the settlements of estates by administrators beyond the limits fixed by law should be encouraged. Both administrators and distributees, respectively, should have no reason for delay—we mean unnecessary delay. In this case, no guardians were appointed for the infant children of the intestate, and they were motherless; hence the administrator did make advances from time to time to every one of them—they had to live, be clothed, and educated. All these the administrator provided for from the

estate of their father. And, of course, each child must account for the moneys advanced to him or her, just as they would if the administrator held notes given by a child to the intestate. In the latter case, the administrator has the right to pay off such child *pro tanto* with its own paper. This is all that was meant by this court in the language used by it. And, therefore, the Circuit Judge was not in error, as is here complained.

9. Our answer to the ninth exception is furnished by what we have said touching the eighth exception.

10. The exceptions, 10, 11, 12, 13, 14, 15, 16, and 17, are merely used to point out the individual instances where the application of the rule set out in our consideration of exception 8 are fully answered by what we have held on that subject, and are, therefore, overruled.

We will next consider the allegations of error embodied in the exceptions preferred by the defendant.

1. The first exception will be seen to have no practical effect when it is stated that although the referee did make the finding of fact therein complained of, yet when he came to apply the law of the case as fixed by our former decision, the referee was careful to follow the latter and discard the former.

2. The second exception is overruled, for there was testimony to sustain it. Under our rule, when there is testimony to support the concurrent findings of fact of the Circuit Judge and referee, this court will rarely disturb such finding.

3. And so, too, as to the third exception. We find testimony to support such concurrent finding of the Circuit Judge and referee, and we will not, under the rule, disturb it.

4. We cannot agree with the defendant in his fourth exception. It seems to us that the testimony was stated by the Circuit Judge and referee correctly. 5. We do not understand that the Circuit Judge and referee interfered practically with the conclusions of this court in its former decision.

6. We cannot agree with the defendant in his 6th, 7th, 8th, and 9th exceptions. 7. In the tenth exception, the defendant seeks to impugn the charge of 40 per cent. premium on $2,116.09.

There was testimony in the "Case" on this subject.   And if there was such testimony, this conclusion is not at variance with our former decision.   8. Nor can we sustain the eleventh exception, for there was testimony upon which such conclusion, as therein assailed, might have been based.   9. The error of ten dollars and three cents pointed out in the twelfth exception is easily corrected.

10. It is urged by the defendant in his thirteenth exception that the Circuit Judge has not enforced the former judgment of this court, when it directed that interest be allowed the administrator upon the sums advanced by him to the respective distributees of the estate of the intestate, Cunningham, from the time the same were paid.   The former judgment of this court in its use of the words, "from the date of such payment or advancement," designed that the yearly allowance of interest on such payments or advancements took place so as to correspond with the yearly balances upon which interest was charged against the administrator.   We are satisfied that such an arrangement is all that is required in this case, and we, therefore, overrule this exception.

11. Lastly, we will consider the fourteenth exception, wherein it is insisted that the Circuit Judge was in error in adjudging that the estate of A. J. Kibler, deceased, should pay all the costs of this action.   It is usual to uphold the chancellor in his decision as to the payment of costs, except some error is clearly pointed out.   *McCrady* v. *Jones,* 36 S. C., 136.   Here there is no error pointed out.   But apart from this time-honored practice in this matter of decreeing what party is liable for costs, if we refer to the pleadings in this case, when the plaintiffs demanded an account of A. J. Kibler as administrator of their father's estate, we find that in his answer he denied that he owed them anything, and, on the contrary, averred that he had paid them more than they were entitled to receive.   Yet now that the litigation is about ended, we find that these distributees are entitled to a judgment against such administrator for several thousand dollars.   If the losing party is to pay the costs, then it should be the estate of the said A. J.

Kibler, deceased. We cannot, therefore, sanction this ground of appeal.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed, on the condition that the plaintiffs, who are entitled to judgment, will first reduce their claims in twenty days hereafter by giving a credit to the estate of A. J. Kibler, deceased, for the sum of twenty-eight dollars and fifty-eight cents, on the first day of June, 1893. But in the event the plaintiffs fail to give this credit of twenty-eight dollars and fifty-eight cents, then the judgment of the Circuit Court shall be modified by requiring the plaintiffs to give to the estate of the said A. J. Kibler, deceased, the said credit of twenty-eight dollars and fifty-eight cents, on the first day of June, 1893, and for that purpose the cause is remanded to the Circuit Court.