JONES v. CHARLESTON & WESTERN CAROLINA RY. CO.

1. NEGLIGENCE—RAILROADS.—EVIDENCE as to use of railroad track by pedestrians, responsive to allegations and competent to show the circumstances calling for care on part of defendant.

2. EVIDENCE.—ORDINANCE properly admitted as responsive to the allegations of the complaint.

3. RAILROADS—LICENSEE—NEGLIGENCE.—A person walking on a railroad track at a place where persons have been accustomed to walk for a length of time short of the time required to make it a public way, but where there is reason to presume the company had notice of such use, though no permission so to use it be shown, is a licensee, and the company owes him no more duty than a bald trespasser.

4. RES JUDICATA.—A principle of law once announced by this Court in a case is the law of that case, although the doctrine be modified in other cases decided subsequently, but before the final determination of such case.

5. IBID.—NEGLIGENCE—SPEED—ORDINANCE.—Failure of a railroad company to observe the requirements of an ordinance as to speed of trains across streets, may be considered by the jury in deciding if the company was negligent in running its trains at a point not on the street.

6. Exception based on fact in law case cannot be considered.
7. Res Judicata.—Principles of law adjudged in one appeal are *res judicata* on new trial ordered.
8. Rehearing refused.

Before Watts, J., Anderson, October, 1902.   Affirmed.

Action by James L. Jones, administrator, against Charleston and Western Carolina Railway Co.   From judgment for plaintiff, defendant appeals.

*Messrs. S. J. Simpson, Breazeale & Rucker* and *B. F. Whitner,* for appellant.   *Mr. Simpson* cites: *Deceased was trespasser, and defendant owed no other duty than to trespasser:* 64 S. C., 7, 546; 11 L. R. A., 385; 23 Id., 717; 24 A. & E. R. R. Ca., 57.   *Care required of one walking on track:* Cooley on Torts, 804; 2 Thomp. on Trials, sec. 1689.

*Mr. Rucker* cites: *Deceased was trespasser:* 64 S. C., 7, 553.   *Admission of ordinance error:* 34 S. C., 292, 444; 33 S. C., 136; 39 S. C., 514; 64 S. C., 551; 61 S. C., 170.   *Ordinance may be disregarded if unreasonable:* 15 Ency., 1667, note 4; 1 Dil. M. Corp., sec. 393.   *Defendant owed deceased no more duty than to trespasser:* 64 S. C., 553, 7, 546; 57 S. C., 251; 69 Pa. St., 210; 57 N. Y., 282; 78 Ind., 292; 48 Miss., 112; 23 S. C., 535; 34 S. C., 292.   *If contributory negligence of deceased caused injury, new trial should have been granted:* 23 S. C., 289; 46 S. C., 216; 64 S. C., 7, 546, 553.

*Mr. Whitner* cites: *Deceased put herself in place of danger, and is entitled to no more care than trespasser:* 62 N. E. R., 8; 64 Fed. R., 823; 3 Elliott on R. R., sec. 1250; 11 L. R. A., 335; 23 L. R. A., 717.

*Messrs. Bonham & Watkins* and *Quattlebaum & Cochrane,* contra, cite: *Questions raised in 1st, 3d and 4th exceptions are res judicata:* 61 S. C., 556; 5 S. C.,

335; 6 S. C., 278; 17 S. C., 189; 20 S. C., 582; 64 S. C., 242; 21 S. C., 501. *Other grounds cannot be stated in exception than those urged on trial:* 63 S. C., 123; 48 S. C., 429; 53 S. C., 246. *Deceased was licensee:* 4 S. E. R., 248; 14 S. E. R., 328; 5 S. E. R., 377; 58 Wis., 646; 59 Wis., 139; 23 L. R. A., 716; 39 L. R. A., 399; 23 L. R. A., 203. *Municipality can regulate speed of trains within its limits:* 64 S. C., 104; 7 S. E. R., 912. *Violation of ordinance may go to jury on question of negligence:* 62 S. C., 334; 52 S. C., 323; 58 S. C., 70; 63 S. C., 495. *Ordinance is presumed reasonable unless contrary appears on its face:* 17 Ency., 248. *Exception based on fact will not be considered:* 11 S. C., 195, 589; 53 S. C., 215; 61 S. C., 491. *Contributory negligence is for jury:* 23 S. C., 537; 25 S. C., 128; 62 S. C., 136; 61 S. C., 487; 39 S. C., 514.

The opinion in this case was filed February 27, 1903, but remittitur held up on petition for rehearing until

March 25, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. *Statement of facts.*—This is an action by the plaintiff against the defendant for damages, alleged to have been sustained through the negligent, wilful and careless operation of its train of cars, resulting in the death of his intestate. The jury rendered a verdict in favor of the plaintiff for $1,400. The defendant appeals upon the following exceptions:

"I. Because the presiding Judge erred in allowing the introduction of testimony of James L. Jones, P. K. McCully, W. T. McGill, J. L. Farmer, J. M. Patterson, M. Kennedy, E. D. Kay, W. L. Brissey, John A. Hays and Sam. O. Jackson, tending to show that they had seen persons walking up and down the tracks of the defendant company, when, as it is respectfully submitted, the testimony was incompetent and should not have been introduced, for the following reasons: (a) Such testimony was not admissible and had no rele-

vancy to the case then on trial, unless it had previously been shown that such use of the defendant's track was with the knowledge and consent of the railroad company. (b) Because such evidence would not even then be competent unless it was first shown that any officer or agent of defendant consenting to such use of defendant's tracks had authority to give such consent.

"II. Because the presiding Judge erred in allowing to be introduced in evidence an ordinance of the city of Anderson regulating the speed of trains within the city limits. The error of such ruling being: (a) Because the accident did not occur at a street or railway crossing, but occurred upon a trestle one hundred to one hundred and fifty yards away, and, therefore, its introduction had no relevancy to the case on trial and was prejudicial to the defendant. (b) Because the ordinance in question is a penal ordinance, providing for the punishment of agents of railway companies who fail to observe its requirements, and not directed against the railroad company, and that it had no relation whatever to the issues in this case, and its introduction was, therefore, improper and prejudicial to the defendant. (c) 1. Because there was no evidence of the rate of speed at which defendant's train crossed the street (Reed street) about 100 yards from the place where the accident occurred, and its introduction was, therefore, improper and prejudicial to the defendant. 2. Because the rate of speed prescribed in said ordinance is an unreasonable one, which the defendant had a right to disregard.

"III. Because the presiding Judge erred in charging the jury as follows: 'If you believe from the evidence that the deceased was at the time of the accident walking along the track of the defendant company at a place where the said track had long been used by the public as a walkway with the knowledge and acquiescence of the railway company, then the deceased was not upon the track as a trespasser, but as a licensee;' and again in these words: 'The jury must be satisfied to make out a license that that place had for a

long time been used as a walkway with the knowledge and acquiescence of the railway company, and if she was on that track under such circumstances, then she would be a licensee and not a trespasser.' The error being that the presiding Judge instructed the jury in effect that mere knowledge and acquescence or failure to object to such use of the defendant's tracks, was sufficient to make persons using such tracks licensees, when we submit under the law that they would be and are trespassers, unless they have the positive consent of some officer of the railway company authorized to give the same to so use such tracks.

"IV. Because the presiding Judge erred in charging the jury, as requested by plaintiff's counsel in their third request to charge, as follows : 'If the jury believe from the evidence that the deceased was at the time of the accident walking along the track of the defendant company at a place where the said track had long been used by the public as a walkway, with the knowledge and acquiescence of the railway company, then the deceased was not upon the track as a trespasser but as a licensee.' The error being in instructing the jury in effect that mere knowledge and acquiescence by the railway company in such use of its tracks would constitute persons so using the defendant's tracks licensees, when we submit that such person would be and are trespassers thereon.

"V. Because the presiding Judge erred in charging the jury, as requested by plaintiff's counsel in their eighth request to charge, as follows : 'That if the jury should find from the evidence that the defendant ran its train at a greater speed than the ordinance of the city of Anderson permitted, or that it failed to ring its bell as required by said ordinance, and if the injury complained of resulted from such violation, then they may consider such acts as circumstances from which they may infer negligence on the part of the defendant.' The error being that the ordinance in question had no relation to and could not properly affect the question of defendant's negligence in this case, as the admitted testimony

was that the injury did not occur at any street crossing in the city of Anderson.

"VI. Because his Honor erred in refusing the motion for a new trial, made upon the following ground: 'Because the uncontradicted evidence shows that the deceased, Mrs. Susan V. Jones, was a trespasser when injured, and, therefore, the defendant company only owed her the duty not to do her wanton or wilful injury, and there being no evidence of any such wantonness or wilfulness, the verdict should have been for the defendant.' Such refusal on this ground being under the facts and circumstances of this case error of law.

"VII. Because his Honor erred in refusing the motion for a new trial made upon the following grounds: 'Because the uncontradicted evidence shows that the deceased, Mrs. Jones, was guilty of negligence, which was one of the proximate causes of her injury; and if the defendant was also negligent, still the deceased was guilty of contributory negligence, and, therefore, the verdict should have been for the defendant,' said refusal on this ground being under the facts and circumstances of this case error of law.

"VIII. Because his Honor erred in refusing the motion for a new trial made upon the following ground: 'Because the great weight of the evidence shows that the defendant was not guilty of any negligence which proximately caused the injury of the deceased, and, therefore, the verdict should have been for the defendant,' such refusal on this ground being under the facts and circumstances of this case error of law."

*Opinion.*—The exceptions will be considered in their regular order.

*First exception.*—When the testimony mentioned in this exception was offered, the defendant's attorney objected, "on the ground that the sole purpose of this testimony can be to prove, if they can prove it, that people who walked over this track are licensees, and before they can be licensees, permission must have been given by somebody, and if such permission was given by any person, then

it should be brought home to such person." It will be observed that the questions presented by the exception are not identical with those ruled upon by his Honor, the presiding Judge, when the objection was interposed to the admissibility of the testimony. The testimony was admissible, inasmuch as it was responsive to the allegations of the complaint— *Hicks* v. *R. R.,* 63 S. C., 570, 41 S. E. R., 753. Furthermore, the ruling of the Circuit Judge was in accordance with the principles announced by this Court on the former appeal in this case—61 S. C., 556, 39 S. E. R., 758.

*Second exception.*—The defendant's attorney objected to the introduction of the ordinance in evidence on the following grounds: "1. Because the accident did not occur at a street or railroad crossing, but occurred upon a trestle 100 or 150 yards away; and 2, because the ordinance is not directed against the railroad company, but against the engineer and the men in charge of the train; and 3, as to the rate of speed." The testimony was competent, because it was responsive to the allegations of the complaint.

*Third and fourth exceptions.*—These exceptions will be considered together. On the former hearing, this Court laid down certain rules for the guidance of the Circuit Court, relative to the questions under consideration, when it used the following language: "Even though the use of the track by the public as a walkway was not for such length of time nor of such character as to give a legal right to so use the track, and even though the evidence fell short of showing any positive consent of such use by the company, yet if there was evidence tending to show knowledge of or acquiescence in such use without protest, such evidence would tend to show that the railroad company had much reason to expect the presence of persons upon the track who were there not as bald trespassers, but using it with the knowledge and acquiescence of the company. Under such circumstances it would be the duty of the railroad company to keep a reasonable outlook or to give warning of the approach of the train, or generally to observe ordinary care

under the circumstances to avoid injury." Again it said: "The fifth exception complains of error in failing and refusing to charge defendant's second request, which is as follows: 'If the jury find from the evidence that the said Susan V. Jones was injured by the train on the railway track other than at the public crossing or a crossing which the public was accustomed to use to cross the track, she was a mere trespasser, and the plaintiff would not be entitled to recover in this action, unless the jury further find from the evidence that the injury was the result of wanton and wilful misconduct of the defendant in the running of its train at the time. Except at crossings, the railroad company has a right to the exclusive use of its track and is entitled to assume that it is clear. It is not bound to anticipate that persons will be upon it or make provision for the safety of such persons.' Responding to the request, the Court said: 'Well, defendant has submitted an abstract proposition of law that is in one sense correct, because the right of way, the track of the railroad company, being the property of the railroad company and maintained for its use, it is the property of the railroad company, and it is not bound to anticipate that as a rule a person is to obstruct that track by getting upon that track, and the railroad company has a right to assume that its legal right will be respected by the people, and it is not its duty to anticipate that people will be upon that track.' The defendant was not entitled to have the Court charge the request without qualification, for it assumed that the plaintiff was a trespasser, if the injury happened at any other than a public crossing, and that, therefore, the defendant was not liable unless the injury was the result of defendant's wanton and wilful misconduct; whereas, plaintiff's complaint and evidence in support thereof was directed to show that plaintiff was not such a trespasser, but rather a licensee using the track with the knowledge and acquiescence of the defendant, and in a populous part of the city of Anderson, where people were accustomed to travel, which circumstance would call for greater care on the part of the

defendant than in the case of a bald trespasser. In view of what has been said, the sixth exception must also be overruled, since it complains that the Court erred in charging the jury that if they believed from the evidence that the deceased was at the time of the accident walking along the track of the defendant company at a place where the track had been in use by the public as a walkway with the knowledge and acquiescence of the railroad company, then the deceased was not upon the tracks as a trespasser but as a licensee." The charge of the presiding Judge was in harmony with the principles announced by the Supreme Court in this case.

The appellant, however, contends that the more recent decisions in *Haltiwanger* v. *R. R.,* 64 S. C., 7; *Elkins* v. *R. R.,* 64 S. C., 553, and *Ringstaff* v. *R. R.,* 64 S. C., 546, establish a contrary rule. Even if this is true, the principles announced in these later cases cannot affect the judgment of the Supreme Court upon questions raised by the exceptions in the former appeal. Sec. 8, Art. V., of the Constitution, is as follows: "When a judgment.or decree is reversed or affirmed by the Supreme Court, every point made and distinctly stated in the cause and fairly arising upon the record of the case, shall be considered and decided, and the reasons thereof shall be concisely and briefly stated in writing, and preserved with the record of the case." · When such questions are decided, they become *res judicata,* and when the remittitur has been sent down, the Supreme Court loses jurisdiction, and cannot render a different decision upon the question decided (even if it should be convinced that there was error), so as to affect the particular case in which the decision was rendered. *Carpenter* v. *Lewis,* 65 S. C.; *Ex parte Knox,* 11 S. C., 217; *Brooks* v. *Brooks,* 16 S. C., 621; *Ex parte Dunnovant,* 16 S. C., 300; *Sullivan* v. *Speights,* 14 S. C., 360; *Ex parte Dial,* 14 S. C., 585; *Kibler* v. *R. R.,* 64 S. C., 242; *Willoughby* v. *R. R.,* 52 S. C., 166, 29 S. E. R., 629; *Jennings* v. *Parr,* 54 S. C., 109, 32 S. E. R., 73; *Mfg. Co.* v. *Price,* 6 S. C., 278; *Warren* v. *Raymond,* 17 S. C., 163; *Frost* v. *Frost,* 21 S. C., 501.

When this case was last heard by this Court, it was composed of only three members. Even if it should be of opinion that the decision on the former appeal was erroneous, the Court is without jurisdiction to grant relief from that judgment, and a decision upon the question whether the principles announced upon the former hearing have been shaken by more recent decisions, could only affect other persons not parties to this action. We have, therefore, deemed it advisable to postpone the consideration of that question until it arises in a case that can be heard by the Court when composed of all its members.

*Fifth exception.*—The plaintiff's intestate had the right to assume that the defendant would regulate the speed of its train in compliance with the requirements of law, and we see no good reason why the jury should not take into consideration the defendant's violation of the law along with the other circumstances of the case in determining the question of negligence. *Kirby* v. *R. R.,* 63 S. C., 494, 41 S. E. R., 765.

*Sixth anl seventh exceptions.*—Without undertaking to detail the evidence, we are satisfied that both those grounds were properly overruled.

*Eighth exception.*—This exception involves merely a question of fact, and cannot be considered by this Court.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Petition for rehearing was duly filed by appellant, and same was dismissed by following order, filed March 25, 1903:

PER CURIAM. In this case the appellant has filed a petition for a rehearing on two grounds, the first of which is as follows: "Because, as it is respectfully submitted, the Court in its decision in this case, in holding that certain conclusions announced on the former appeal were *res judicata,* and required the Circuit Judge on the new

trial to charge the jury in accordance therewith, whether right or wrong, he overlooked the fact that the principle governing this case is not *res adjudicata*—but if the former decision controls, it must be on the principle of *stare decisis,* and if such decision has been weakened or overruled, then the latest decision must control." While this Court is satisfied that the authorities cited in the opinion amply sustain the ruling of this Court, nevertheless, out of deference to the earnest argument of appellant's counsel, we will refer to others, some of which are from our own State. In the case of *Sanders* v. *Bagwell,* 37 S. C., at page 150, 15 S. E., 714, Mr. (now Chief) Justice Pope uses this language: "The effect of the judgment of this Court simply reversing the first judgment in the Circuit Court, placed the parties litigant in the same plight and condition they had been in before any trial of the action, with this restriction—that they could not again litigate the same matters that had been passed upon by this Court, as evidenced by the opinion of the Court, accompanying its judgment. It may be as well to state in this connection, in answer to so much of respondent's position, 'that the judgment of the Supreme Court on the first appeal was neither pleaded nor put in evidence,' that it was not necessary to either plead or put such judgment in evidence. All parties were bound at their peril to give such judgment, in the identical action, between the same parties, with the same attorneys, instant and continued recognition and obedience." See, also, *Cunningham* v. *Cauthan,* 44 S. C., 106, 21 S. E., 800; *Mfg, Co.* v. *Price,* 6 S. C., 278; *Kibler* v. *Bridges,* 5 S. C., 335. The two last mentioned cases are cited in the voluminous notes to *Hastings* v. *Foxworthy,* 34 L. R. A. (Neb.), 321, which discusses the question under consideration and shows that the ruling of this Court is sustained by the weight of authorities.

The second ground for a rehearing is as follows: "It is respectfully submitted that even if we are wrong in what we have above said—the former case and this case are not identical, as the facts were to some extent different on the two

trials—and this fact was overlooked by the Court. On the former trial there was no evidence tending to show notices had been posted, forbidding the use of the track as a walk-way. On the new trial there was such testimony." It makes no difference whether the testimony was the same or not. The material question is whether the same principle of law is involved.

It is, therefore, ordered, that the petition be dismissed, and that the order staying the remittitur heretofore granted, be revoked.