### 7886

#### BOYD v. WESTERN UNION TEL. CO.

TELEGRAPH COMPANIES—MENTAL ANGUISH.—The addressee of a telegram resident in a State which has no mental anguish statute may recover in this State under our statute for delay in delivering a telegram sent from this State to that, without reference to where the delay occurred.

Before DANTZLER, J., Anderson, Summer term, 1910. Reversed.

Action by Mrs. J. P. Boyd and her husband against the Western Union Telegraph Company.    Plaintiff appeals.

*Messrs. Martin & Earle,* for appellants, cite: *Under common law appellants may recover for wilfulness:* 57 S. C. 325.    *For delay in this State the plaintiff may recover:* 80 S. C. 207.

*Messrs. John Gary Evans, Bonham, Watkins & Allen,* contra.

April 29, 1911.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages alleged to have been sustained by the plaintiff, Mrs. J. P. Boyd, through the negligence, wantonness and recklessness of the defendant in failing to deliver a telegram.

The allegations of the complaint, material to the questions involved, are as follows:

"That on Saturday, February 20, 1909, about 6 p. m., one S. M. McAdams filed with the agent of the defendant company, at Anderson, S. C., a telegraph message addressed to Mrs. J. P. Boyd, Statham, Georgia, announcing the death of her brother, J. B. McAdams, and summoning her to come at once; said message reading as follows: 'J. B. McAdams is dead; come at once via Calhoun Falls to Anderson.'

"That said message was not delivered to plaintiff, and she had no information as to its contents until Tuesday morning, February 23d, about ten a. m., too late for her to come to Anderson, S. C., in time to see her dead brother on earth or to attend his funeral services and his burial."

The following statement appears in the record: "After plaintiffs had closed their case defendant's counsel made motion for nonsuit, upon the ground that the alleged tort was committed wholly without the borders of the State of South Carolina, and that, therefore, plaintiffs had no cause

of action, under the South Carolina Mental Anglish Act. His Honor granted defendant's motion."

The plaintiffs appealed, on the ground that said ruling was erroneous.

This question has undergone judicial investigation so recently that we deem it only necessary to cite the cases of .*Brown* v. *Tel. Co.*, 85 S. C. 495, 67 S. E. 146, and *Heath & Co.* v. *Tel. Co.*, 86 S. C. 219, to show that the exceptions raising this question must be sustained.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.