8306

### BROWN v. WESTERN UNION TELEGRAPH CO.

1. Appeal.—Appellant must show that the admission of immaterial or irrelevant evidence was prejudicial to his rights to obtain reversal.
2. Res Judicata.—The adjudication of questions raised on appeal in a case and on petition for rehearing therein are *res judicata* on a subsequent appeal in same case.
3. Telegraph Companies—Mental Anguish.—The addressee of a telegram in a State which has no mental anguish statute has the right of recovery in this State under such statute for delay in delivering a message sent from this State to that without reference to where the delay occurred.

Before Gage, J., Charleston, June term, 1911.　Affirmed.

Action by William Brown and Rosa Brown against Western Union Telegraph Co. Defendant appeals on the following exceptions:

I. "That his Honor, the presiding Judge, erred in overruling defendant's objection to and admitting the following testimony:

" 'When you got to Summerville what did you find? She was dead and buried. Was that or not the first time you knew she was dead? Yes, sir; that was the first time. When was it you came to Summerville—how long after the burial? The second day; she died on the 22d, and I got the letter on the 24th. She died Wednesday and I got the letter on Friday. Then you came? Yes, sir. Rosa, when did you get this letter? On the 24th. When you got that letter what did you do? I began to pack my trunk. To come on? Yes, sir. Did you come immediately, in response to that letter? Yes, sir. What was the date of the letter? That letter was dated 22d and I got it on the 24th. When you got to Summerville when did you first hear of the death of your sister? I did not hear until I got home in the house.'

"Whereas, it is respectfully submitted that the said testimony was immaterial and irrelevant, as defendant was only liable in damages (if liable at all) for mental anguish caused to the plaintiff by being deprived of seeing her dead sister and of attending her funeral and burial, and the defendant could not be held liable for any mental anguish of the plaintiff caused by the death of her sister and knowledge thereof, and that where, how and when, she acquired such knowledge is irrelevant and immaterial and is entirely apart and disconnected from the message that was sent, the failure to deliver which, prevented her being present at her sister's funeral and seeing her dead body, and for which alone she could be entitled to recover damages.

"That this result could not have been contemplated from the wording of the message, and no notice thereof to the company was given.

II. "Because the Court erred in not granting defendant's motion for a nonsuit at the close of the plaintiff's case, on the ground that there was not only no allegation in the complaint, but no testimony whatsoever, that plaintiff paid or promised to pay, for the transmission of the message or that the sender paid or promised to pay therefor, or that there was any consideration to the defendant.

III. "Because the Court below erred in refusing to grant the defendant's motion for a nonsuit made at the close of the plaintiff's case as to the cause of action based on negligent tort (only) on the ground that it affirmatively appeared from the plaintiff's own case that the message sued on was an interstate message and that it did not appear that there was any default or breach of duty with regard thereto on the part of the defendant within the territorial limits of the State of South Carolina, and the defendant maintains that the statute entitled 'An act to allow damages against telegraph companies doing business in this State for mental anguish or suffering even in the absence of bodily injury caused by negligence in receiving, transmitting and deliver-

ing messages,' approved February, 1901 (Stat. S. C., vol. 23, p. 748), which act is the foundation of the cause of action based on negligent tort, is, if construed as applicable to the message in this case, unconstitutional and void because in contravention of the Federal Constitution, to wit:

"(a) Article I, section 8, subdivision 3, of the Constitution of the United States, conferring on Congress power to regulate commerce among the several States, and

"(b) Article I, section 8, subdivision 17, of the Constitution of the United States, conferring power on Congress to exercise exclusive legislation in all cases whatsoever over the District of Columbia, and

"(c) That part of the fourteenth amendment to the Constitution of the United States which provides that no State shall deny to any person within its jurisdiction the equal protection of the laws.

IV. "That the Court below erred in refusing the defendant's motion for a nonsuit or a direction of verdict in its favor at the close of the whole case as to the cause of action based on negligent tort (only) on the grounds set out in defendant's motion for a nonsuit at the close of the plaintiff's case and on the additional ground that it then affirmatively appeared that there was no default or negligence within the State of South Carolina, and that whatever default or negligence there was on the part of the defendant occurred without the State of South Carolina and within the District of Columbia and therefore, as the message sued on was an interstate message, the defendant maintains that the statute entitled, 'An act to allow damages against telegraph companies doing business in this State for mental anguish or suffering even in the absence of bodily injury caused by negligence in receiving, transmitting and delivering messages,' approved 20th February, 1901. (Stat. S. C., vol. 23, p. 748), which act is the foundation of the cause of action based on negligent tort, is, if construed as

applicable to the message in this case, unconstitutional and void in contravention of three parts of the Federal Constitution, to wit:

"(a)  Article I, section 8, subdivision 3, of the Constitution of the United States, conferring on Congress power to regulate commerce among the several States, and

"(b)  Article I, section 8, subdivision 17, of the Constitution of the United States, conferring power on Congress to exercise exclusive legislation in all cases whatsoever over the District of Columbia, and

"(c)  That part of the fourteenth amendment to the Constitution of the United States which provides that no State shall deny to any person within its jurisdiction the equal protection of the laws.

V.  "That his Honor, the presiding Judge, erred in refusing to charge the eleventh request of the defendant, which was as follows: 'That the measure of damages is governed in this case by the law of the District of Columbia, where the tort was committed, and under the law of that State any mental anguish which does not proceed from, or accompany, physical injury, is not an element of damage and cannot be recovered.  The jury is, therefore, instructed that the plaintiff cannot recover damages in this case for the mental anguish she claims to have suffered in not seeing her dead sister's face and attending her funeral.'

VI.  "That his Honor, the presiding Judge, erred in refusing to charge the request of the defendant numbered '11a,' which was as follows: 'If the jury find from the evidence that the sole default of the defendant occurred in the District of Columbia and that there was no breach of duty anywhere else, then the jury are instructed to bring in a verdict for the defendant as far as compensatory damages for mental anguish are concerned.'

VII.  "That his Honor, the presiding Judge, erred in refusing to charge the fourteenth request of the defendant, which was as follows: 'Unless the plaintiffs have proved by

a preponderance of the evidence that there was some default or breach of duty on the part of the defendant within the territorial limits of the State of South Carolina, there can be no recovery of damages for mental anguish, because the statute allowing such damages, if construed as authorizing recovery therefor, where the plaintiff has not proved a default within the State, would be unconstitutional and void as in contravention of article I, section 8, subdivision 3, of the Federal Constitution, conferring on Congress power to regulate commerce among the several States; and, also, of article I, section 8, subdivision 17 thereof, conferring power on Congress to exercise exclusive legislation over the District of Columbia.'

VIII. "That his Honor, the presiding Judge, erred in refusing to charge the fifteenth request of the defendant, which was as follows: 'If the jury find from the testimony that there has been no default or breach of duty in the State of South Carolina, and that such default or breach occurred without the State of South Carolina and in the District of Columbia, there can be no recovery of damages for mental anguish, for the mental anguish statutes upon which such recovery depends, if construed as authorizing a recovery under such circumstances, would be unconstitutional and void as in contravention of article I, section 8, subdivision 3, of the Constitution of the United States, conferring on Congress power to regulate commerce among the several States, and also of article I, section 8, subdivision 17 thereof, conferring power on Congress to exercise exclusive legislation in all cases whatsoever over the District of Columbia.'

IX. "That his Honor, the presiding Judge, erred in refusing to charge the sixteenth request of the defendant, which was as follows: 'If the jury find that there was no default or breach of duty within this State, there can be no recovery of damages for mental anguish (as the mental anguish statute, if construed as applying to and authorizing

recovery of damages for mental anguish) under the circumstances of this case would be unconstitutional and void as in contravention of that part of the fourteenth amendment to the Constitution of the United States which provides that no State shall deny to any person within its jurisdiction the equal protection of the laws.'

X. "That his Honor, the presiding Judge, erred in charging the jury that the defendant telegraph company is liable for what it did under the laws of the State of South Carolina, and its right and remedies are under the laws of that State, irrespective of where the act of negligence may have occurred."

*Messrs. Geo. H. Fearons* and *Mitchell & Smith,* for appellants, cite: *No recovery for mental anguish for delict in Washington:* 79 S. C. 160; 122 U. S. 347; 162 U. S. 650; 96 U. S. 1; 105 U. S. 460; 122 U. S. 347; 218 U. S. 406; 220 U. S. 364; 214 U. S. 274.

*Messrs. Logan & Grace,* contra, cite: *Not necessary to show delay occurred in this State:* 79 S. C. 160. *Laws of District of Columbia have nothing to do with rights of the parties in this case:* 86 S. C. 219; 88 S. C. 518.

August 28, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff, Rosa Brown, through the wrongful acts of the defendant, in failing to deliver the following telegram:

"Summerville, S. C., January 22, 1908. Mrs. W. M. Brown, No. 72 Canal Street, S. W., Washington, D. C. Come at once. Your sister died this morning. Frederika Alston."

The jury rendered a verdict in favor of the plaintiff, for seven hundred and fifty dollars for negligence, thus elimi-

nating the question, as to the right of the plaintiff to recover punitive damages.

The appeal is from the refusal of his Honor, the presiding Judge, to grant the motion for nonsuit, and the direction of a verdict; also from his refusal to charge certain requests, and from certain parts of his charge, alleged to be erroneous.

This is the second appeal in this case—the first being reported in 85 S. C. 495.

The appellant's exceptions will be incorporated in the report of the case.

The first exception cannot be sustained, for the reason that even if the testimony therein mentioned, was immaterial and irrelevant, the appellant has failed to show, that it was prejudicial to its rights.

The second exception was withdrawn.

All the other questions presented by the exceptions herein, were involved upon the former appeal, and were determined adversely to the contention of the appellant. They were therefore subject to the doctrine of *res judicata,* and, even if the rulings then made were erroneous, they could not be corrected in this case. *Jones* v. *Ry.,* 65 S. C. 410, 43 S. E. 884.

These questions were also presented, upon a petition for a rehearing on the former appeal in this case, but were again decided against the petitioner, and, the petition dismissed. Again they were affirmed in the case of *Heath* v. *Tel. Co.,* 87 S. C. 219, 69 S. E. 283, and still again in the case of *Boyd* v. *Tel. Co.,* 88 S. C. 518, 71 S. E. 28. In the last mentioned case the Court had under consideration the question, whether the addressee of a telegram, in a State which has not a mental anguish statute, has the right of recovery in this State, for delay in delivering a message sent from this State to that, without reference to where the delay occurred; and ruled that he did have such right.

In reversing the Circuit Judge this Court merely said: "This question has undergone judicial investigation so recently that we deem it only necessary to cite the cases of *Brown* v. *Tel. Co.,* 85 S. C. 495, 67 S. E. 146, and *Heath* v. *Tel. Co.,* 87 S. C. 219, to show that the exceptions raising this exception, must be sustained."

These exceptions are therefore overruled.

*This case has been taken by writ of error to the United States Supreme Court.*